JONATHAN SPARROW *versus* JOSEPH CHESLEY AND REBECCA CHESLEY, Trustee.

The title of a bona fide purchaser of property conveyed by a debtor in trust for his wife and family, by a conveyance void as against creditors — but which was sold *by the cestui que trust,* prior to any interference on their part — will be protected in a court of law.

The purchase money is a substitute for the property sold and is subject to the same trusts.

FROM the trustee's disclosure it appeared, that she purchased of Susan Chesley, certain bank shares, for which she paid by her negotiable note for the amount agreed upon, upon which she had made divers payments — that she was the daughter of Joseph

and Susan Chesley — that her father had more than twenty-five years before the death of her brother Albert, absconded and left her mother and family without making any provision for their maintenance — that he had resided in Massachusetts — where he had married another wife — that Albert Chesley, a brother, died, leaving property to which her father was sole heir — that in consideration of his past neglect, and of the expenses which her mother had been compelled to bear in supporting the family — he conveyed absolutely all his right and interest in his son Albert's estate to trustees in trust for the sole and separate use of his wife and subject to her disposal — that the bank shares were purchased from the proceeds of her brother's estate — and that in purchasing them of her mother, she had no reference to her father — neither she nor her mother ever expecting that her father would interfere with the property — and that at the time of such purchase she did not know of any creditor's claim against her father — nor was such purchase made to hinder, delay or defraud creditors.

*Preble*, for the plaintiff.

*F. O. J. Smith*, for the trustee, cited *Abbott* v. *Bailey*, 6 Pick. 89 ; *Bullard* v. *Briggs*, 7 Pick. 538 ; *Howe* v. *Ward*, 4 Greenl. 205 ; 2 Hovenden on Frauds, 103 ; *Green* v. *Thomas*, 2 Fairf. 321 ; *Allen* v. *Megguire & Tr.*, 15 Mass. R. 490 ; *Russell & al.* v. *Hook*, 4 Greenl. 372.

The opinion of the Court was delivered by

WESTON C. J. — The conveyance made by the principal defendant, of property in trust for the benefit of his wife and children, which furnished the means of purchasing the stocks, now held by the supposed trustee, being voluntary, is void as against his creditors, but until they manifested themselves, or interfered, we are not aware that the sale or disposal of the trust property, in pursuance of the trust, can be defeated or vacated, as against a *bona fide* purchaser. The principal debtor was at liberty to purchase stocks with the property conveyed, and afterwards to sell them to his daughter, or any other person, for a valuable consideration, his indebtedness notwith-

Sparrow *v.* Chesley.

standing, provided it was not done to defeat or defraud creditors. What he could lawfully do directly, he might do indirectly, through trustees and the authorized act of his wife. By an instrument under his hand and seal, executed to trustees he placed the property at her disposal. Property purchased with the trust fund, in virtue of this authority, she sold for a valuable, and for aught appears, adequate, consideration to her daughter. The notes and payment received from her was a substitute for the stocks, as they were a substitute for the trust moneys, with which they were purchased. The whole being done by a power from the husband is of equal validity, as if done by himself. From the disclosure, the transaction must be taken to have been fair and in good faith, on the part of the supposed trustee. It does not appear to us that the rights of the creditor, or the justice of the case require, that it should be unravelled and defeated as against her, and that she, against whom no fraud is imputable under the disclosure, should be subjected for his benefit to the loss of the consideration paid. Whatever may be our judgment, she may be holden to pay the notes, if negotiated. And she has, in our opinion, discharged herself upon the facts disclosed.