## FEE *v.* STARR AND GRIMSHAW.

A Clerk's certificate that a statement is the same which was used on motion for new trial, is entitled to no weight, as the Clerk is not authorized by law to verify a statement in that form.

A statement used on motion for new trial cannot be used as the statement on appeal, when neither agreed to by the parties, nor signed by the Judge.

Appeal from the Fifth District.

*L. Quint* and *J. W. Coffroth,* for Appellant, cited *Woods* v. *Forbes,* 5 Cal. 62: *McLeran* v. *Shortzer,* Id. 70.

*D. W. Perley,* for Respondent, cited 4 Cal. 284—112; *Doyle* v. *Sewall,* 12 Id; 7 Id. 398, 290, 38; 8 Id. 510; 9 Id. 247; 5 Id. 151, 319.

Terry, C. J. delivered the opinion of the Court—Baldwin, J. concurring.

There is in the record no properly authenticated statement or bill of exceptions, setting out the evidence.

The statement in the record is neither signed by the Judge, nor agreed to by the parties, nor does it appear that a copy was ever served on Respondent or his Attorney.

The Clerk's certificate that the statement is the same which was used on the argument of the motion for a new trial, is entitled to no weight, as the Clerk is not authorized by law to verify a statement in that form.

The judgment roll disclosing no irregularities, the judgment is affirmed.