Swinford *v.* Rogers.

---

## SWINFORD *et al. v.* ROGERS *et al.*

A CONVEYANCE of property made and received with intent to defraud creditors is void, though there may have been a full and valuable consideration paid therefor.   The fraud taints and vitiates it, and it will not be allowed to stand even as security for advances actually made.

Where the fraudulent vendee has held the property, or converted the same to his own use, the Court will compel him to account for the value thereof, and direct the proceeds to be paid over to the creditors of the vendor.

APPEAL from the District Court, Ninth Judicial District, Shasta County.

16

The facts are stated in the opinion of the Court.

*E. Carter*, for Appellants.

The appellants, Smith & Rogers, maintain: 1st. That the conveyance of all the property (the sale of all being one transaction) is honest, and valid in law, whether viewed as a conditional sale which had become absolute, as the Court decided it to be with reference to the ranch, or as a mortgage given to secure the payment of the $2,600 and interest, etc.; and the transaction cannot be held to be fraudulent as against creditors. (*Dana* v. *Stanfords*, 10 Cal. 269; *Randall* v. *Buffington and Wife*, Id. 491; *St. John* v. *Northup*, 23 Bar. 30; *Burnham* v. *DeBevourse*, 8 How. Pr. 159.)

2d. The complaint does not support the judgment. (*White* v. *Fratt*, 13 Cal. 525; *Green* v. *Covillaud*, 10 Id. 317.) There is no allegation in the complaint to sustain a general money judgment against Smith & Rogers. (*Harris* v. *Taylor*, 15 Cal. 348; *Kinder* v. *Macy*, 7 Id. 206; *Meeker* v. *Harris*, 19 Id. 288, and cases cited; *McMahon* v. *Harrison*, 12 How. Pr.)

This sale was either a mortgage to secure the payment of the $2,600, or it was a conditional sale which became absolute by forfeiture; but if the transaction was intended to create a trust for the benefit of creditors, as the Court below seemed to view it, it was void under the thirty-ninth section of the statute for the relief of insolvents, and could not create a trust or contract on which the creditors could obtain a money judgment against Smith & Rogers; the only remedy of the creditors in such case would be to seek the property, notwithstanding the assignment. (*Grachen* v. *Page*, 6 Cal. 138; *Cheever* v. *Hays*, 3 Id. 471.)

*R. T. Sprague*, for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action, in the nature of a suit in equity, brought by a judgment creditor to reach the property of his debtor, fraudulently conveyed, and to apply the same upon his judgment. The case was tried by the Court, who found in favor of the plaintiffs, and a

judgment was rendered against the fraudulent vendors for the amount due on the plaintiffs' judgments; that a certain portion of the property fraudulently conveyed be sold, and the proceeds be applied upon the judgment; and that execution for the balance of the judgment issue against their property. The defendants appeal from this judgment.

It appears from the record that on the thirtieth day of March, 1861, one of the defendants, J. P. Lane, who is the plaintiffs' judgment debtor, with his wife, and one W. R. Lane, executed to the defendants Smith & Rogers, a deed for the conveyance of a certain ranch in Shasta County, and certain ditch property, and also executed a bill of sale for certain personal property on the ranch. The Court found that the sale of the ranch was made in good faith, as a *conditional sale*, to become absolute, unless J. P. Lane redeemed the same by the payment of a sum of about $2,650, due to Smith & Rogers, upon demands held by them, and some other debts of J. P. Lane, which they had agreed to pay; and that Lane had not redeemed the ranch from this sale. The Court also found that the sale and conveyance of the balance of the property to Smith & Rogers was without consideration, and made for the purpose of hindering, delaying, and defrauding the creditors of J. P. Lane; that they agreed that Lane might dispose of the personal property conveyed, and the growing crops on the land, for the benefit of his creditors; that they violated this agreement, and appropriated the growing crops, and sold the personal property, and converted the same to their own use; and that they have received therefrom and hold money more than sufficient to pay the plaintiffs' judgment. The Court ordered that the conveyance of the mining ditches be canceled, and that the said ditches be sold, and the proceeds applied to the payment of the plaintiffs' debt.

The appellants contend that as the Court found that the sale as to a portion of the property was made for a valuable consideration, and in good faith, they should have so found as to all the property —it being all one transaction. It may be that the Court below considered it their duty to uphold the sale as to the ranch, because it was made upon a valuable consideration; but the law is well settled, that a conveyance made with intent to defraud creditors is

void, though there may have been a full and valuable consideration paid therefor. The fraud taints and vitiates it. (1 Story's Eq. Sec. 369.) And it will not be allowed to stand even as security for advances actually made. (*Goodwin* v. *Hammond*, 13 Cal. 170.) The sale and conveyance of all this property being but one transaction, and it being found that the sale as to a part of the property was made for the purpose of defrauding creditors, the Court below would have been justified in holding the whole transaction fraudulent and void. The fraud would taint the whole. (*McKenty* v. *Gladwin*, 10 Cal. 228 ; *Seales* v. *Scott*, 13 Cal. 78.) The finding, then, is more favorable to the defendants than it should have been ; and they cannot, therefore, complain of it, or ask this Court to reverse the judgment on that ground.

The appellants also contend that the Court erred in rendering a personal money judgment against the fraudulent vendees, Smith & Rogers, and that the allegations of the complaint are not sufficient to sustain such a judgment. As a general rule, a Court of Equity declares the fraudulent conveyance void, and directs that the property be sold for the satisfaction of the creditors' debt ; but where a fraudulent vendee sells the property, or converts the same to his own use, that kind of relief is rendered impracticable, and he is clearly liable to account for the value thereof, and pay the same to the creditors of the vendor. (*Ludlow* v. *Kidd*, 4 Ham. 244 ; *Sparrow* v. *Chester*, 19 Me. 79 ; *Jones* v. *Henry*, 3 Littell, 428.) In this case, the complaint avers the facts of such sale and conversion, and the Court found these averments to be true ; and that the value of the property, thus sold and converted, greatly exceeded the amount due to the plaintiffs on their judgment. Under these circumstances, there was no error in rendering a judgment against the fraudulent vendees, in the form of a personal money judgment, for the amount due the plaintiffs. We see no error in the record prejudicial to the appellants.

The judgment is therefore affirmed.