# McKee *v*. West.

*Bill in Equity to set aside Voluntary Deed and Subsequent Mortgage by Voluntary Grantee, and subject Lands to Claims of Existing Creditor of Voluntary Grantor.*

1. *Bona fide purchaser; plea of, what sufficient.*—A plea which alleges that at the time a loan was made, and mortgage taken contemporaneously to secure the same, the mortgagors were in the actual or constructive possession of the lands embraced therein; that the lender had the records of the county in which the lands were situated examined, which records showed a voluntary conveyance to the grantors in the mortgage by their mother, and showed no liens on the property conveyed in the voluntary deed; that relying on these facts he loaned his money and took his mortgage, and that he had no notice of complainant's equity and knew of no fact calculated to put him on inquiry either at or before the time he loaned the money, or at or before the time he took the mortgage on the lands to secure the same, contains all necessary averments, and is in proper form.

2. *Voluntary deed; effect of as notice to subsequent purchaser from voluntary grantee.*—The law sanctions a conveyance upon a good as distinguished from a valuable consideration, and the legal presumption is, therefore, that the conveyance is valid, and not a fraud on the rights of any one. The mere fact that the purchaser from the holder of such title has notice that it is not founded on a valuable consideration is not sufficient to make it his duty at his peril, to enquire whether the title of his grantor was not fraudulent; but he has the right to rely on the legal presumption that such voluntary conveyance was honestly made until some other fact is brought to his knowledge to raise a suspicion in his minds that the conveyance is fraudulent.

3. *Same; while voidable by existing creditors of grantor, is not void.*—A voluntary conveyance is valid as between the parties, and while the law stamps such conveyance as *per se* fraudulent as against existing creditors of the grantor, the only infirmity in the title of the voluntary grantee is its liability to

be impeached by creditors, and as to all others it is perfect; and when it has passed into the hands of a *bona fide* holder, even this infirmity is cured, and the title becomes secure and indefeasible.

APPEAL from Marengo Chancery Court.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by W. F. West, appellee, against Mattie Langford and her husband and Emma Williams, and against the appellant, Hilton McKee. The object of the bill was to set aside a deed made by M. J. Williams, deceased, to her two daughters named above; and to subordinate to the rights of appellee, as a judgment creditor of the said M. J. Williams, a mortgage executed by the said daughters to McKee. McKee filed a plea setting up the defense of *bona fide* purchaser for value, which alleged the following facts: That on the 28th day of May, 1902, the respondents, Mattie Langford and Emma Williams, were in the actual or constructive possession of the lands described in the bill and were seized, or claimed to be seized, in the transactions with this respondent, with the legal title to said lands; that on said date he made a loan of money to the said Mattie Langford and Emma Williams, and that contemporaneously therewith he took from them a mortgage to secure the repayment of said sum of money and the interest thereon; that before making said loan he required an examination of the records in the office of the Judge of Probate of Marengo county by an attorney, who reported that the title to said lands was in the said Mattie Langford and Emma Williams; that relying on these facts he made the loan and took the mortgage to secure the same; that at the time he made such loan and took said mortgage, the execution issued out of the Circuit Court of Perry county on the judgment against M. J. Williams in favor of the complainant had not been received by the sheriff of Marengo county; and that he had no notice of the complainant's equity and knew of no facts calculated to put him on the enquiry, either at or before the time he parted with the money loaned or at or before the time he took the mortgage on the said lands to secure the said loan.

[McKee v. West.]

The cause was submitted to the chancellor on exceptions to the plea, and a decree was rendered overruling the plea.

WILLIAM CUNNINGHAM, for appellant.—The plea of *bona fide* purchaser for value without notice of complainant's equity is in proper form.—*Craft v. Russell,* 67 Ala. 9; *Hooper v. Strahan,* 71 Ala. 75; *May v. Wilkerson,* 75 Ala. 543; *Graham v. Ware,* 79 Ala. 192; *Wood v. Holley Mfg. Co.,* 100 Ala. 350.

The facts set up in the plea are a perfect defense for McKee as against the equity of the complainant. *Thames v. Rembert,* 63 Ala. 561; *Simmons v. Shelton,* 112 Ala. 284; *Roden v. Ellis,* 113 Ala. 652; *Coskrey v. Smith,* 126 Ala. 120; *Frazer v. Western,* 1 Barb. Ch. 220; *Zoeller v. Riley,* 100 N. Y. 102; *Mansfield v. Dyer,* 131 Mass. 200.

MCDANIEL & POWELL and WM. H. TAYLOE, *contra.* The deed from Mrs. Williams to her two daughters being voluntary, and as such void as to existing creditors regardless of intent and all other circumstances, was necessarily fraudulent, and sufficient to put all persons claiming through it on notice and on enquiry.—*Johnson v. Thweatt,* 18 Ala. 741; *Thames v. Rembert,* 63 Ala. 561.

The pleas as filed by the appellant were not a good defense to the case as made by the bill, and the chancellor did not err in overruling the same.—*Millholland v. Tiffany,* 64 Md. 455; *New England L. & T. Co. v. Avery,* 41 S. W. Rep. 673 (Texas.)

DOWDELL, J.—The bill in this case is filed by a creditor and seeks to have a certain deed executed by the debtor, and a certain mortgage executed by the grantees of the debtor, set aside as fraudulent. The bill charges that Mrs. M. J. Williams, being at the time indebted to the complainant, made a voluntary conveyance of the lands described, to her two daughters, Mrs. Mattie Langford and Emma Williams, the consideration of love and affection being expressed on its face, and that said

grantees then conveyed said lands by mortgage to the respondent McKee. Actual fraud is not charged on Mc-Kee, nor is it pretended that he had knowledge when he took his mortgage, of any indebtedness existing from Mrs. M. J. Williams to the complainant, when she executed the deed of gift to her daughters.

The respondent by special pleas set up the defense of *bona fide* purchaser for value without notice of complainant's equity. The cause was submitted upon the sufficiency of the pleas, and a decree was rendered holding the pleas insufficient, and from this decree the present appeal is prosecuted.

The setting down of the pleas for hearing upon their sufficiency was an admission of the facts averred in them.—Ency. Pl. & Pr., vol. 16, p. 620. The averments of facts necessary to be stated in setting up the defense of a *bona fide* purchaser, were sufficiently pleaded within the rule heretofore laid down by this court in the following named cases: *Wood v. Holley Mfg. Co.*, 100 Ala. 350; *Gresham v. Ware*, 79 Ala. 192; *May v. Wilkerson*, 76 Ala. 543; *Hooper v. Strahan*, 71 Ala. 75; *Craft v. Russell*, 67 Ala. 9.

The theory of the complainant is, and upon this theory his contention is based, that the deed from Mrs. Williams to her two daughters being a voluntary conveyance, was *per se* fraudulent and void as to existing creditors, and that a subsequent conveyance by them to one with notice of the fraudulent character of the first conveyance, would likewise be void as to such creditor, and subject to be set aside at his instance on a bill by him in equity for that purpose. And it is further contended that the voluntary conveyance expressing on its face only a good consideration, that is, of love and effection, puts the subsequent purchaser on notice of its fraudulent character. The question presented by this latter contention is the determining one in the case. The plea setting up the defense of *bona fide* purchaser, admits a knowledge of the contents of the deed from Mrs. Williams to her two daughters, and that the consideration therein expressed is for love and affection, but the plea denies any notice of the existence of complainant's debt,

or notice of any fact calculated to put the respondent upon enquiry.

It has been held and so decided by some courts, that a purchaser from a fraudulent grantee, occupied no higher or better position than the fraudulent grantee, where such conveyance was assailed by a creditor. The question was considered in *Thames v. Rembert's Admr.*, 63 Ala. 561, where cases are cited holding such doctrine, but this court has declined to follow that rule, and is now thoroughly committed to the more equitable and reasonable doctrine of affording protection to a *bona fide* purchaser for value without notice of the fraud, from a fraudulent grantee. In Bump on Fraudulent Conveyances, (2d ed.) p. 482, the principle is thus stated: "Whenever the act done, takes effect as to some purposes, and is void as to persons who have an interest in impeaching it, the act is not a nullity, in a legal sense, is not utterly void, but merely voidable. The transfer, however, is good between the parties. As against the debtor it is effectual, and the fraudulent grantee has a title and a right to alienate. The only infirmity in his title is its liability to be impeached by creditors. As to all others is perfect, and when it has passed into the hands of an innocent holder, even this infirmity is cured, and the title becomes secure and indefeasible," citing in the foot note the decisions of many courts, and among them this court.

It is not to be questioned, that a voluntary conveyance, that is, one founded upon the consideration of love and affection, is valid between the parties. When the grantor, at the time of its execution is indebted, the law stamps such conveyance *per se* fraudulent as against his existing creditors, and subject to be set aside when assailed by them. It is not the voluntary nature of the conveyance alone which renders it in law fraudulent, but that fact, when accompanied with the additional fact of indebtedness on the part of the grantor at the time of its execution. Where no actual fraud exists with reference to future or subsequent creditors in the execution of the conveyance, and no existing or present indebtedness on the part of the grantor, no one would

for a moment question the validity of a conveyance having and expressing on its face the consideration of love and affection. The law sanctions such a conveyance, and there is no room for any presumption of fraud solely from the fact that a good, as contradistinguished from a valuable, consideration is expressed in the deed. In a deed from a parent to a child, the fact that the consideration of love and affection is expressed, is not enough in and of itself alone, and in the absence of knowledge of any other fact or circumstance calculated to excite enquiry, to put the purchaser upon notice that the deed is fraudulent. The doctrine is stated as follows in Bump on Fraud. Con. (2d ed.) p. 485: "The law sanctions a conveyance founded upon the consideration of blood or of marriage merely. The legal presumption, therefore, is that such a conveyance is valid and not a fraud upon the rights of any one. The mere fact that a purchaser from the holder of such a title has notice that it was not founded upon a pecuniary consideration is not sufficient to make it his duty at his peril to enquire whether the title of his grantor was not fraudulent. On the contrary, he has a right to act upon the legal presumption that such a deed of gift or voluntary settlement was honestly made until some other fact is brought to his knowledge to raise a suspicion in his mind that the conveyance is fraudulent." Citing *Frazer v. Western*, 1 Barb. Ch. 220; *Sparrow v. Chesley*, 19 Me. 79; *Gobber v. Boyd*, 22 Pitts. L. J. 89.

Admitting the facts to be true as stated in the special pleas, the respondent McKee, is in equity entitled to protection as a *bona fide* purchaser without notice. It follows, therefore, that the decree holding the pleas insufficient must be reversed, and one will be here rendered holding the pleas sufficient.

Reversed and rendered.

McClellan, C. J., Haralson and Denson, JJ., concurring.