## WILLIAM LOUGHEED

### *v.*

### ERNEST ARMSTRONG et al.

[Submitted October 16th, 1914.   Determined October 17th, 1914.]

1. A conveyance by an owner of land to his wife, without consideration, is void as against one who at the time the conveyance was made was working for the owner, and who subsequently recovered a judgment for such services, part of which judgment was for money earned at the time of the conveyance, but not yet payable, and a small part of which was then due.

2. In a suit to set aside a conveyance by a husband to his wife as a fraud upon creditors, evidence *held* to show that the property was originally purchased with the husband's money, and not with that of the wife, as alleged in the answer.

3. The fact that the recorded deeds show that a husband conveyed property to an intermediary for the consideration of one dollar, in trust to be conveyed to the grantor's wife, and that the intermediary conveyed the property to the wife, also for the consideration of one dollar, does not put a grantee from the wife upon inquiry as to the validity of the conveyance, so as to render its title void against a creditor of the husband, since a voluntary conveyance by the husband to the wife is valid as to everyone except his creditors.

---

On final hearing on creditor's bill to set aside fraudulent conveyances.

*Mr. Walter S. Keown,* for the complainant.

4

*Mr. Adam R. Sloan,* for the defendants Ernest Armstrong and Anna Victoria Armstrong.

*Mr. William Early,* for the defendant Economy Building and Loan Associaiton.

LEAMING, V. C.

The bill is filed by complainant as a judgment creditor in aid of his judgment. Relief is sought by complainant against conveyances of real estate made by Ernest Armstrong, the judgment debtor, to an intermediary and by the intermediary to the wife of the judgment debtor. At the time these conveyances were made complainant was working for Mr. Armstrong, and the major part of the money for which the judgment was subsequently recovered had been earned by complainant, but was not payable until the work should be finished; a small part of the money included in the judgment was due and payable at the time the conveyances were made. If the property in question belonged to Mr. Armstrong and was conveyed to his wife without valuable consideration, the conveyances are obviously void as against complainant. *Haston* v. *Castner, 31 N. J. Eq. 697.* The defence is that the property was originally purchased by Mrs. Armstrong with her own money and title taken in the name of her husband, and that the transfer of the title from her husband to her was to restore the legal title to its owner. The joint answer of Mr. and Mrs. Armstrong asserts that the title was taken in the name of Mr. Armstrong by inadvertence and without the knowledge of Mrs. Armstrong, and that the conveyance was made to her by her husband at her instance when she discovered that the title was in his name. At the hearing both Mr. and Mrs. Armstrong testified that the title was taken in Mr. Armstrong's name by prearrangement between them for purposes of convenience only and that the money of Mrs. Armstrong purchased the property; her canceled check for the purchase price was produced in support of their claim.

There does not exist the slightest doubt touching the facts. Both Mr. and Mrs. Armstrong deliberately perjured themselves upon the witness-stand in the hope of escaping payment of the

judgment held by complainant. In spite of searching cross-examination they maintained that the money with which the property was purchased—$2,500 in amount—had been made by Mrs. Armstrong during her married life by sewing, and had been kept by her in an envelope between the mattresses in her bedroom until the property was purchased, when it was deposited in bank by her and the check drawn by her to pay the cash purchase price. But when the books of the bank were produced disclosing the accounts of both Mr. and Mrs. Armstrong it was found that the property was purchased with a part of certain money Mr. Armstrong had received for the sale of a patent; a check had been drawn by him to his wife and by her deposited in bank and then a check had been drawn by her for the purchase price. It is indeed easier to determine the truth touching the transaction than to determine whether it may not be the duty of this court to cause both Mr. and Mrs. Armstrong to be punished for perjury.

The facts are that the property in question was purchased by Mr. Armstrong with his own money and the improvements to the property were made by him with his own money, and no thought of Mrs. Armstrong owning the property occurred to either of them until certain difficulties occurred between Mr. Armstrong and a contractor whom he had employed to work on the property. It was then that the transfer to the wife was made, and it was then made to protect the property from claims existing or to arise against Mr. Armstrong. As against complainant the transfer is void and will be set aside.

A more difficult question has arisen touching a certain mortgage which has been placed upon the property since the transfer of the legal title to Mrs. Armstrong. Mrs. Armstrong procured from defendant Economy Building and Loan Association a loan secured by a mortgage on the property in question. The loan was made by the application of a portion of the amount loaned to the discharge of a mortgage then existing against the property and the balance of the loan was paid by the association to Mrs. Armstrong. (It may be added, parenthetically, that this balance reached Mr. Armstrong, but not with knowledge of the association.) It is conceded that the building association will be

subrogated to the lien of the mortgage which it discharged, but, as to the balance of the loan, it is claimed that the mortgage lien cannot be enforced as against complainant. This claim is based upon the circumstance that the deed of conveyance from Mrs. Armstrong to the intermediary stated as its consideration "one dollar and other valuable consideration," and was expressly made in trust to forthwith convey the premises to the grantor's wife, and the deed from the intermediary to Mrs. Armstrong stated as its consideration "one dollar." It is, therefore, claimed that the record of these deeds of conveyance charged the building association with notice that the transfer was a voluntary transfer from a husband to his wife, and put the association on inquiry touching its validity. It is not claimed that the association knew of any infirmity in Mrs. Armstrong's title further than such knowledge would be imposed by the records.

So far as I am aware, this question has not heretofore arisen in this state. The authorities in other jurisdictions are in apparent conflict, but I think the clear weight of authority is to the effect that the mere fact that a deed of conveyance in a chain of title discloses that it was a voluntary conveyance is not enough to put a purchaser upon inquiry. That doctrine is stated in *Bump Fraud. Conv.* § *495,* as follows:

"The law sanctions a conveyance founded upon the consideration of blood, or of matrimony, merely. The legal presumption therefore is that such a conveyance is valid and not a fraud upon the rights of anyone. The mere fact that a purchaser from the holder of such a title has notice that it was not founded upon a pecuniary consideration is not sufficient to make it his duty at his peril to inquire whether the title of his grantor was not fraudulent. On the contrary, he has a right to act upon the legal presumption that such a deed of gift or voluntary settlement was honestly made until some other fact is brought to his knowledge to raise a suspicion in his mind that the conveyance is fraudulent."

It is true that in this state a voluntary conveyance is regarded as void as against existing creditors, and in some circumstances void as to future creditors; but it is not the want of valuable consideration which renders it void; it is that circumstances accompanied by the additional circumstance of indebtedness or fraudulent intent, and even then the conveyance is only void as against creditors. A conveyance importing a valuable considera-

tion is in like manner void as to creditors if no consideration in fact existed. So long, therefore, as the record imports validity, and not invalidity, it seems impossible to logically impose the burden of inquiry as to whether what appears valid may not in fact be invalid as against someone. The following cases will be found to sustain the views here suggested: *McKee* v. *West, 141 Ala. 531; Frazer* v. *Western, 1 Barb. Ch. 220; Yardley* v. *Torr, 67 Fed. Rep. 857; Sparrow* v. *Chesley, 19 Me. 79.* The contrary view will be found in *Milholland* v. *Tiffany, 64 Md. 455,* and *New England Loan and Tr. Co.* v. *Avery (Tex.), 41 S. W. Rep. 673,* and cases there cited.

I will advise a decree in behalf of complainant as against defendants Ernest and Anna Armstrong, and dismiss the bill as to defendant Economy Building and Loan Association.