## Cavlovic *v.* Nikolish, Appellant.

*Practice, C. P.—Trials—Charge of court—Impartiality—Intemperate language.*

In an action of trespass for slander, a charge of the court which characterized the defendant as "far from being what he ought to be" and which expressed doubts as to his veracity, constitutes a reversible error.

The defendant was entitled to a calm and dispassionate review of the case. When the charge, instead of assisting the jury to arrive at a just verdict, was calculated to inflame them and arouse resentment against the defendant, a verdict in favor of plaintiff cannot be sustained.

A charge of the court which, considered as a whole, is intemperate and impartial, cannot be neutralized by the simple warning to be careful not to do the defendant an injustice.

Argued April 30, 1924.  Appeal, No. 125, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 2636, on verdict for the plaintiff in the case of Ljubica Cavlovic v. Mike Nikolish.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass for slander.  Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $350 and judgment thereon.  Defendant appealed.

*Error assigned* was the charge of the court.

*George F. P. Langfitt,* and with him *E. W. Langfitt,* for appellant.—The charge of the court was inadequate and unjust: Monier v. Phila. Rapid Transit Co., 227 Pa. 273; Lingle v. Scranton Ry. Co., 214 Pa. 500; Reichenbach v. Ruddach, 127 Pa. 564; Heydrick v. Hutchinson, 165 Pa. 208; Fineburg v. Ry. Co., 182 Pa. 97; Tietz v. Phila. Traction Co., 169 Pa. 516; Phila. Trust, etc., Co. v. Phila., etc., R. R. Co., 177 Pa. 38.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

This was an action of trespass for slanderous words used by a man of a married woman and reflecting upon her chastity.  The plaintiff got a verdict.  The sole ques-

tion raised by the assignments of error is whether the charge of the trial judge was unduly prejudicial and intemperate in the circumstances.   After referring to the evidence of the plaintiff, the court said: "Well, now, I imagine that a man who would say such a thing might swear to anything.   I would not believe him under oath, particularly when it comes to a question of taking money out of his pocket, which in itself is a poor apology, but the only thing given by the law in a case of this kind. That is the case of the plaintiff."   The sole answer to the plaintiff's case was the testimony of the defendant himself.   After stating that fact, the court charged: "In a case of this kind you have got to consider with great discretion.   It is something which, to begin with, provokes you.   Any man who would say such a thing, even if it is true, isn't any good; and even if it is true, he is far from being what he ought to be.   So you start off with a sort of a bad feeling in your mouth, and the charge itself, made by a man against a woman, gives you that feeling.   And it is a natural one and you would not be what you are if you did not have such a feeling."

The defendant here, as always, was entitled to a calm and dispassionate review of the case.   The charge, instead of assisting the jury to arrive at a just verdict, was calculated to inflame them, and arouse resentment against the defendant.   There is nothing in the charge, considered as a whole, which relieved it from the manifest effect of the language above quoted.   It was not neutralized by the simple warning to be careful not to do the defendant an injustice.   (See Monier v. Phila. Rapid Transit Co., 227 Pa. 273, 277; Weiss v. London Guarantee & Accident Co., 280 Pa. 325, 331.)

The judgment is reversed with a venire.