## DELAWARE & HUDSON CO. v. STANKUS.
### Nos. 4934, 4935.

Circuit Court of Appeals, Third Circuit.
June 30, 1933.

See, also (C. C. A.) 63 F.(2d) 887.

Paul Bedford, of Wilkes-Barre, Pa. (Joseph Rosch, of Albany, N. Y., and H. T. Newcomb, of New York City, of counsel), for appellant.

David J. Reedy, of Scranton, Pa., Louis A. Fine, of Forrest City, Pa., and Jacob Klensin, of Carbondale, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

The appellee brought two suits in trespass against the appellant to recover damages for its alleged negligence in causing the death of her husband, Stanley Stankus, and her minor daughter, Julia Stankus. Verdicts were returned for the appellee and judgments entered thereon.

The appellant's train collided with an automobile driven by Stanley Stankus, in which Julia Stankus was a passenger, at a crossing of a public highway over the appellant's double tracks. The view from the highway, upon approach to the tracks, in the direction from which the train approached, is obstructed by a cliff and a curve in the tracks. There is an automatic signal bell at the crossing to give warning of on-coming trains.

The appellee's only witness to the accident was one John Zaller. The gist of Zaller's testimony is that he was a deputy constable, and a game and fish warden; that at 5 a. m. on the day in question he hid in the bushes near the crossing, about 50 feet from the railroad tracks, and remained there until about 10 a. m., when the accident occurred; that his purpose in concealing himself was to apprehend a violator of the fishing laws at a nearby pond; that he saw an automobile, operated by Stankus, whom he recognized, approach the crossing, stop for a minute about 5 feet from the tracks, and then start across; that the train, running at a speed of about 35 miles an hour, struck the automobile and carried it about 40 feet; that the train gave no signal of its approach until about 20 feet from the crossing, when the whistle was blown; that the automatic signal bell at the crossing did not ring; that, before the train had been brought to a stop, he entered his automobile and drove home for a doctor; and that he later returned to the scene of the accident.

The appellant produced a number of witnesses to refute the testimony of the appellee's sole witness. The engineer testified that, as he approached the crossing, he reduced the speed of his train to 20 miles an hour; and that he blew two long and two short blasts of the whistle, first at the whistling post, more than 1,300 feet from the crossing, and again when about 300 feet from the crossing. This was corroborated by the fireman, the brakeman, and seven disinterested witnesses. Six witnesses, of whom three were disinterested, testified that the engine bell was ringing continuously as the train approached the crossing. Eight witnesses, of whom six were disinterested, testified that the automatic signal bell at the crossing was also ringing continuously as the train approached, and six testified that it continued to ring after the accident. There was testimony that the automatic signal bell was found in perfect condition by an inspector one hour after the accident. One Novak testified that he was driving a team of horses; that he crossed the tracks before Stankus; and that he heard the automatic signal bell, two sets of whistles, and the engine bell. The fact of the whistling was corroborated by five boys who were in the wagon with Novak and by a man who was walking in the woods nearby. Zaller's testimony that Stankus stopped his automobile before attempting to cross the tracks was contradicted by the testimony of witnesses for the appellant.

The appellant assigns as error the action of the trial court in placing undue stress in its charge upon the testimony of the appellee's witness Zaller, and in slighting and ignoring the testimony of the witnesses called

on behalf of the appellant. An examination of the charge sustains this contention. Except for a few relatively unimportant references, the trial court ignored the testimony of the appellant's witnesses. The whole tendency of the charge was to place undue emphasis upon the testimony of Zaller and to minimize the testimony of the many witnesses for the appellant. This, no doubt, caused the jurors to conclude that the trial judge considered the weight of the evidence of the appellant's witnesses to be negligible. We think this is such error as to require reversal. Pennsylvania Canal Co. v. Harris, 101 Pa. 80; Monier v. P. R. T. Co., 227 Pa. 273, 75 A. 1070; Mastel v. Walker, 246 Pa. 65, 92 A. 93; Weiss v. London Guarantee & Accident Co., 280 Pa. 325, 124 A. 472; Hoagland v. Mulford, 298 Pa. 588, 148 A. 864.

It is ordered that the judgments be reversed, and each case remanded for a new trial.