## DELAWARE & HUDSON CO. v. STANKUS
(two cases).

Nos. 5877, 5878.

Circuit Court of Appeals, Third Circuit.

Jan. 15, 1936.

Paul Bedford and Frank A. McGuigan, both of Wilkes-Barre, Pa. (Joseph Rosch, of Albany, N. Y., and Thomas L. Ennis, of New York City, of counsel), for appellant.

Stanley F. Coar, of Scranton, Pa., Louis Fine, of Honesdale, Pa., and David J. Reedy, of Scranton, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are appeals from judgments of the District Court for the Middle District of Pennsylvania. The appellee brought two actions in trespass against the appellant, one to recover damages for the death of her husband, and the other to recover for the death of her minor daughter. The death of each occurred as the result of a collision between the appellant's train and an automobile in which the decedents were riding. The cases were tried together. The first trial resulted in verdicts and judgments for the appellee. We reversed and ordered new trials. Delaware & Hudson Co. v. Stankus (C.C.A.) 66 F.(2d) 186. On the new trials, the jury again returned verdicts for the appellee. The appellant assigns as error the refusal of the trial court to direct verdicts for it. It contends that the appellee failed to establish negligence, and characterizes the appellee's evidence as to negligence as "negative." It therefore asked the court to charge:

"The testimony of the Plaintiff's only witness, John Zaller, that the train failed to give due warning of its approach by engine whistle or engine bell is negative testimony, which is contradicted by positive oral testimony of Defendant's witnesses."

"The Jury may not find a verdict for the Plaintiff solely upon Zaller's testimony that the train failed to give due warning of its approach by engine whistle or engine bell."

Examination of the cases relied upon by the appellant to prove the lack of evidentiary value in negative testimony reveals that in each the testimony was properly so characterized. In the instant case, however, Zaller's testimony was positive. He testified, as a fact, that he was in a position where he could have heard a bell rung or a whistle blown, but that no bell was rung and no whistle was blown. Had Zaller merely testified that he did not hear a bell or whistle, that would properly have been termed negative testimony. We are of the opinion, however, that, where a witness testified that there was no bell rung and no whistle blown, that is positive testi-

mony. Simons, Appellant, v. Phila. & R. Ry. Co., 254 Pa. 507, 98 A. 1080; Cubitt v. New York Central R. R. Co., Appellant, 278 Pa. 366, 123 A. 308; Sharpless v. Delaware, Lack. & West. R. R., Appellant, 286 Pa. 439, 133 A. 636. It may well be a question whether Zaller was worthy of belief. His credibility, however, was an issue for the jury and not for the court. The cases were fairly tried, and we find no reversible error in the rulings of the learned judge of the District Court.

Judgments affirmed.