(122 So. 663)

**SMITH et al. v. OWENTON–ENSLEY HIGH-LANDS LAND CO.    (6 Div. 295.)**

Supreme Court of Alabama.    May 30, 1929.

H. M. Abercrombie, of Birmingham, for appellants.

A. Leo Oberdorfer, of Birmingham, for appellee.

ANDERSON, C. J.    This appeal does not question the sufficiency of the original bill, which is one to enforce a mortgage or vendor's lien on the property and to determine whether or not it is superior to a title claimed by the respondents, but involves only the sufficiency of the respondents' cross-bill.

The cross-bill relies upon a deed from R. A. Davis and wife to the appellants, dated December 23, 1926, and recorded December 28, 1926. At that time the record title was in the appellee and so remained until it executed a deed to Davis December 31, 1926, some days after the execution and recorda-

tion of appellants' deed from said Davis. Appellants claim, however, that, notwithstanding the execution of the deed of December 31, 1926, by the appellee to Davis, it had in fact previously made a deed to him, that is, prior to September 28, 1926, and that said Davis, therefore, had the legal title to the land when deeding it to them December 23, 1926. It is also averred that said deed was lost or stolen and never put on record. The cross-bill does not fully set out the deed or the substance thereof, and, from aught appearing, it may have disclosed that the purchase money had not been paid in full, or that the appellee had a lien or claim on the land. A party relying on a lost deed, among other things, must show when and to whom the deed was delivered, the consideration paid, and by whom, the title or interest conveyed, and by whom lost. Torrent Fire Engine Co. No. 5 v. City of Mobile, 101 Ala. 559, 14 So. 557. The trial court did not err in sustaining the demurrer to the cross-bill as originally filed.

The cross-bill was subsequently amended, not so as to cure the defect above pointed out, but so as to show that appellants were innocent purchasers as against appellee's mortgage; that is, that notwithstanding they got their deed December 23, 1926, when the legal title was not in Davis, they did not part with all the purchase price for the land until subsequent to said date and after an examination of an abstract of title disclosing the title into Davis as by the deed of December 31, 1926, and which said deed did not disclose the existence of a vendor's lien and that they were ignorant of any claim or lien of the appellee upon the land.

■■ The appellants having a deed to the lot, the deed to Davis of December 31st, got the title into him which inured to them under their former purchase from said Davis. When the purchaser, in fact, acquires the legal title and pays the purchase money, or a part of it, without notice of a prior claim, he is protected to the extent of the purchase money paid before notice. Paul v. McPherrin, 48 Colo. 522, 111 P. 59, 21 Ann. Cas. 460, note 463. When the appellants purchased December the 23d, and the legal title was not in their grantor, they got a mere equity and assumed the risk as to the infirmities of his title, but if they protected themselves by withholding the purchase money, or a part thereof, and did not pay it over until he acquired the legal title, they were to this extent protected as against any outstanding claim or lien of which they had no notice.

We think the cross-bill as last amended shows that the appellants were innocent purchasers to the extent of the $10,000 mortgage, which they transferred as part of the purchase price after appellee deeded the land to Davis December 31st, and, this being so, the circuit court erred in sustaining the demurrer to the said cross-bill as last amended,

and the decree is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and FOSTER, JJ., concur.