(127 So. 224)

## McCOLLUM v. BURTON et al.

### 6 Div. 505.

Supreme Court of Alabama.
March 27, 1930.

J. J. Ray and R. A. Cooner, both of Jasper, for appellant.

630

Sowell & Gunn, of Jasper, for appellee.

**GARDNER, J.**

Complainant on October 18, 1926, recovered a judgment in a tort action against defendant John F. Burton. He seeks by the bill in this case to set aside as fraudulent and void a deed to certain real estate executed to defendants, H. B., H. C., and S. F. Brasher bearing date October 25, 1926, as in fraud of his rights as creditor of said Burton.

The "Brashers" (to so designate for convenience these three defendants) insist by their pleading and proof that they were bona fide purchasers for value, and invoke the protec- tion due to innocent purchasers. The chancellor was persuaded of the correctness of their position, and upon final hearing dismissed the bill. Complainant appeals.

We conclude the decree is correct.

Complainant's suit against Burton was pending at the time the Brashers purchased, but the evidence is without dispute that they had no actual knowledge or notice thereof. No specific property was sought in that action—merely the recovery of a money judgment, and the doctrine of lis pendens had no application. Moragne v. Doe, etc., 143 Ala. 459, 39 So. 161, 111 Am. St. Rep. 52, 5 Ann. Cas. 331; Thompson v. Johnson, 201 Ala. 315, 78 So. 91; § 6878, Code 1923.

The purchase price paid by the Brashers was $600, and, according to the great preponderance of the evidence, this was full value therefor. Under the circumstances here disclosed, the burden rested upon complainant to show that these purchasers for a valuable and substantial consideration had notice of an intent by their grantor to hinder, delay, or defraud his creditors. Boutwell v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

These purchasers insist they had no knowledge of any such intent on the part of the grantor, and no notice of any facts which would have lead to such knowledge, and we find no proof to the contrary. Complainant must therefore rely upon constructive notice. We have shown the doctrine of lis pendens is without application, and it appears that the certificate of judgment was not recorded until October 27, 1926, two days after the purchase. So far, therefore, as the suit and the judgment are concerned, there could be no constructive notice.

It appears that while complainant's suit at law was pending against said John F. Burton, and on August 15, 1925, said Burton conveyed the property here involved to his wife Velma upon a recited consideration of $1, and it is insisted said conveyance was voluntary and, as such, void against complainant, an existing creditor. We recognize the well-established rule that notice is imputed to a purchaser of infirmities and incumbrances appearing in his chain of title. Johnson v. Thweatt, 18 Ala. 741; Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 So. 139. But manifestly the execution of such conveyance, as above noted, does not injuriously affect the rights of the Brashers, unless the recitals of the deed disclosing it was not founded on a valuable consideration suffice to put them on inquiry as to whether or not it was fraudulent. Such a disclosure is not sufficient for this purpose. The legal presumption prevailed that the conveyance was valid and not fraudulent, and they had a right to act upon such presumption until some other fact was brought

to their mind that it was fraudulent. McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am. St. Rep. 54; Merchants' Bank v. Parrish, 214 Ala. 96, 106 So. 504.

Appellant further argues that a grantee in a quitclaim deed cannot be an innocent purchaser, a doctrine recognized by the decisions of this court. O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Rucker v. T. C., I. & R. R. Co., 176 Ala. 456, 58 So. 465. But the Brashers do not hold under a quitclaim deed but under a deed containing the usual covenants of warranty to title, and the question is presented, therefore, whether or not the above-noted doctrine shall be extended to them, because their grantors held under a quitclaim title, though they purchased in good faith and for value under a warranty deed. The Supreme Court of the United States in United States v. California Land Company, 148 U. S. 31, 13 S. Ct. 458, 464, 37 L. Ed. 354, in considering this question used the following language here pertinent:

"Now, even in those courts in which the rule was announced that one who takes under a quitclaim deed cannot be a bona fide purchaser, it was sometimes limited to the grantee in such a deed, and not extended to those cases in which a quitclaim was only a prior conveyance in the chain of title (Snowden v. Tyler, 21 Neb. 199, 31 N. W. 661), and this is certainly a most reasonable limitation, because the rule is obviously, at the best, arbitrary and technical; for a party who receives a quitclaim deed may act in the utmost good faith, and in fact be ignorant of any defect in the title, and this, although he has made the most complete and painstaking investigation, and only takes the quitclaim deed because the grantor, for expressed and satisfactory reasons, declines to give a warranty. It would be unfortunate, in view of the fact that in so many chains of title there are found quitclaim deeds, to extend a purely arbitrary rule so as to make the fact of such a deed notice of any prior defect in the title."

And in the later case of Stanley v. Schwalby, 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960, the California Land Company Case was cited with approval, and it was held that "even where * * * a purchaser taking a quitclaim deed is held to be affected with notice of all defects in the title, a purchaser from him by deed of warranty is not so affected." Though there are authorities to the contrary, the decided weight of judicial opinion supports the view above stated, and we think it sustained by sound reasoning as well.

The author of the note to Hickman v. Green, 29 L. R. A. 39, says: "The greater number of cases as well as sound principle hold that if a grantee receives a warranty deed he will not be affected by the fact that his grantor or some more remote person in the chain of title received merely a quitclaim deed." Mr. Pomeroy has a note to like effect with citation of cases in 2 Pomeroy Equity Jur. (3d Ed.) p. 1341. See, also, note Downs v. Rich, 25 L. R. A. (N. S.) 1035; 27 R. C. L. p. 735.

The doctrine recognized by this court in McKee v. West, supra, that a bona fide purchaser for value without notice of the fraud is protected, though he purchased from a fraudulent grantee, bears analogy to the question here considered, and in principle is supportive of this view. We are persuaded that the doctrine of protection to such bona fide purchaser, as here indicated, is the more equitable and reasonable one and will be here followed. The fact, therefore, that the grantor of the Brashers held under a quitclaim deed does not deprive the latter of the protection due bona fide purchasers for value without notice.

There is some suggestion in brief for appellant, though followed by no argument in its support, "that the defense of innocent purchaser is not sufficiently pleaded," and the case of Allen & Co. v. Sands, 216 Ala. 106, 112 So. 528, is cited. But the defect in pleading in the Allen Case does not here obtain. The answer sufficiently presents the defense herein discussed within the rule of our decisions. McKee v. West, supra.

The decree will be here affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.