(128 So. 217)

## GORDON v. WARD et al.
### 4 Div. 492.

Supreme Court of Alabama.
May 1, 1930.

W. O. Mulkey and G. A. Ward, both of Geneva, for appellant.

B. W. Smith, of Samson, and Carmichael & Tiller, of Geneva, for appellees.

174

ANDERSON, C. J.

As we understand, all parties claim title to the land involved from a common source, to wit, Mrs. Clara B. Stephens and her husband, so there is no need to discuss or consider the claim of title beyond the Stephens'. There is no doubt that the Stephens conveyed the land to Mrs. E. T. Ward in 1904, but said deed was not recorded until 1927, and after these respondents acquired title from or under the husband, I. C. Ward, who held under two recorded deeds from the Stephens, that is, one from J. N. Stephens and a quitclaim from Clara Stephens and her husband, the latter purporting to confirm the sale or conveyance previously made by J. N. Stephens to said I. C. Ward. The record shows that, while the name of the wife of J. N. Stephens appears in the body of the deed and in the certificate of acknowledgment, she does not appear upon the record as having signed said deed, and the original shows her name to be signed thereto as one of the grantors. The respondent's theory was that she did sign and acknowledge the deed, and her name was left off when same was recorded through the neglect of the recording official or clerk. We think it unnecessary, however, in order to make a proper disposition of this case, to determine whether the deed had or had not been signed by the wife when filed for record for the reason that the second deed, though a mere quitclaim, showed the record title of the land in I. C. Ward when the Federal Bank or those under whom these other respondents hold acquired conveyances from said I. C. Ward.

It is well settled by the decisions of this court that one who has only a quitclaim deed to land cannot claim protection as a bona fide purchaser without notice. Rucker v. T. C., I. & R. Co., 176 Ala. 456, 58 So. 465; Wood v. Holly, 100 Ala. 326, 13 So. 948, 46 Am. St. Rep. 56; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745. But it is just as firmly settled by the decisions that this rule applies to the immediate grantee under the quitclaim and not to his grantees or purchasers from him under a common-law or statutory warranty. 27 R. C. L. 735; 39 Cyc. 1696. Indeed, this rule has been applied by our court in the recent case of McCollum v. Burton, 220 Ala. 629, 127 So. 224, wherein many cases are cited in support of the holding.

The case of Wood v. Holly, 100 Ala. 352, 13 So. 948, 46 Am. St. Rep. 56, does not very clearly show who invoked the doctrine of an innocent purchaser, but we have examined the original record and find that the rule of notice because the party held under a quitclaim was applied to the immediate grantee, the Water Company, who purchased from Bullock & Co.

In Derrick v. Brown, 66 Ala. 162, the rule was invoked against the immediate grantee.

Indeed, we find no Alabama case which visits notice to a purchaser under a quitclaim beyond the immediate grantee, unless it be the case of Marsh v. Marsh, 215 Ala. 571, 112 So. 189, and said case is overruled in so far as it conflicts with the present holding.

The deed to Mrs. Ward not having been recorded when these respondents, or those under whom they claim, acquired title from I. C. Ward, was inoperative as against them who had a right to rely upon the record. Section 6887 of the Code of 1923. Nor does the proof show actual notice as to a deed to Mrs. Ward or such facts that would require inquiry or an investigation as to whether or not she owned the land.

The recital in the first deed from the Stephens to I. C. Ward would indicate that it was a duplicate or substitute for the one supposed to be lost or destroyed. It says, it was by "same parties to same party," that is, that the grantee in the first deed was I. C. Ward, the grantee in the second deed. Nor was the recital in the quitclaim or last deed suggestive of the fact that Mrs. Ward had any title to the land. It was no doubt given to perfect the record title, which failed to disclose that Mrs. Stephens had signed the former deed to I. C. Ward.

The fact that the land had been assessed to Mrs. Ward or her estate a few years in the remote past was not chargeable as to purchasers from I. C. Ward who had the record title.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

THOMAS and BROWN, JJ., dissent.