3 So.2d 80

## BARNES v. POWELL.

### 4 Div. 180.

Supreme Court of Alabama.

June 16, 1941.

Mizell & Pearson, of Andalusia, for appellant.

410

Powell & Fuller, of Andalusia, for appellee.

BROWN, Justice.

This is an appeal from an interlocutory decree sustaining the defendant's demurrer to the bill filed by the appellant against the defendant seeking to charge him as a trustee ex maleficio in procuring, through fraud, title to property, belonging to complainant, and to require him to account for the value of timber cut and sold from the property, money collected on insurance policies covering buildings destroyed by fire, and rents or profits arising from the use and occupation of the lands by the defendant.

In another aspect the bill seeks to have cancelled two deeds, which the bill alleges were not executed by the defendant, but forged, and in the alternative, the bill seeks, if complainant is mistaken in the contention that he did not execute said deeds, that they be declared to be mortgages, and the bill offers to do equity.

The defendant's demurrer addressed "to the bill of complaint, as a whole and to each paragraph thereof", assigns eleven grounds, including the general demurrer for want of equity, was sustained by the decree, to the original bill and the bill as amended.

The demurrer in the form indicated is addressed to the bill as a whole, and if it has equity in either of its aspects, and is not subject to the specific grounds stated in the demurrer, it was due to be overruled, and the decree sustaining it is erroneous. Lea v. Iron Belt Mercantile Co., 119 Ala.

271, 24 So. 28; Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

The case made by the bill is that the complainant and the defendant are blood relatives—first cousins—that the complainant is of advanced age and practically blind; that the defendant—a younger man —was left an orphan, and complainant helped rear him and complainant had implicit confidence and trust in the defendant at the time of the occurrences, and relied on defendant's statements as to his dealings with complainant's property. Complainant had given a mortgage on one part of his land to one Adelia Miller to secure an indebtedness of $470, and said mortgage was of record; and had mortgaged other lands to the American Bank & Trust Company of Opp, to procure money to pay an indebtedness to Leila Davis.

Adelia Miller foreclosed her mortgage, and the property was purchased by her husband, Griffin Miller. The bill then avers: "That on, to-wit, December 14, 1922, Griffin Miller and wife, Adelia Miller, conveyed said property to Mrs. Iola Miller, but that such conveyance was not recorded until March 21, 1926, the same being recorded in Deed Book 62 at page 599 at the Probate Office of Covington County, Alabama, describing the aforesaid W½ of NW¼, Section 21, Township 2, Range 17; and complainant avers that he tendered the full amount of the mortgage debt and charges secured to Mrs. Adelia Miller in an attempt to redeem the property sold at the aforesaid mortgage foreclosure sale, but that this tender was refused; that subsequent to the time of making such tender the respondent, J. W. Powell, informed your complainant that he had made arrangements to satisfy and had satisfied or taken up the aforesaid Adelia Miller mortgage debt for complainant, and had taken a deed for the land in the name of your complainant, and had put it in The First National Bank of Opp, Alabama, with other papers belonging to complainant."

The bill further avers:

"That at this time he [complainant] was a person of advanced age and of practically no vision or eyesight, and that J. W. Powell was a person of younger years, was a first cousin of complainant and a person whom your complainant had helped rear when the said respondent was younger and

an orphan child, and that he had full and implicit confidence and trust in the respondent at that time, and therefore relied upon the respondent's statement as to what he had done with reference to the taking up of the aforesaid mortgage to Adelia Miller, or redeeming the property theretofore mortgaged to her, although at no time had your complainant ever authorized respondent, expressly or impliedly, to take such action. Complainant is not informed and has no knowledge of exactly how such transaction was completed by the respondent, but has since learned that the respondent procured a deed from Mrs. Iola Igo and husband, the said Iola Igo being formerly Mrs. Iola Miller, on or about March 13, 1926, in his own name. Complainant further avers that without his knowledge, consent, or authority, the respondent paid to the American Bank & Trust Company, the mortgage it held on the lands of complainant; namely: All land south of the branch in the S½ of the SW¼ of Section 16; one acre in the NE corner of Section 20, and the NW corner of Section 21, all in Township 2, Range 17, Covington County, Alabama; that respondent thereupon informed complainant that he had paid up the debt to the said American Bank & Trust Company, and that he would take over the place, manage it, and work it out of debt, and thereafter return it to the complainant. The complainant alleges that he thereupon agreed for the respondent to take over the possession and management of the aforesaid lands for the purpose of recovering for himself the money he had allegedly advanced for the benefit of and in the name of complainant in payment of the aforesaid mortgage debt to Adelia Miller, later acquired by Iola Miller Igo, and the mortgage debt to the American Bank & Trust Company; that this occurred sometime during the year 1927, the exact date being unknown to complainant."

"Complainant alleges that respondent has been in possession of the property hereinafter described under the aforesaid agreement whereby he was to take over the possession and management of same for the purpose of recovering for himself the money he claims to have advanced for the benefit of complainant as above alleged, and in so far as complainant is advised is still in possession of said property; that respondent has committed various and sundry acts of waste as to said lands and the improvements thereon; that he has sold timber therefrom; that a number of the buildings thereon, if not all of them, have been burned and the respondent has collected insurance therefor; that he has marketed the crops raised thereon and taken the proceeds thereof for his own use since about the crop year 1927. Complainant further avers that respondent has in no wise accounted to him for the management of said property, and on the contrary has refused to give him a statement of receipts and expenditures when requested; that the respondent should therefore be required to account to complainant for his management and purchase and handling of the property hereinafter described, and all proceeds or revenue of any sort derived therefrom should be accounted for, and all references necessary to accomplish a full and complete accounting thereof should be had in this cause."

By amendment the following averments were added to paragraph 2 of the bill: "Complainant further avers that he agreed for respondent to merely take possession of and manage the lands, as above alleged, only upon the statement and representation by respondent that he had satisfied or taken up the aforesaid Adelia Miller mortgage debt from Mrs. Iola Miller Igo, to whom the said Adelia Miller's rights had been transferred, in the name of complainant and upon condition that possession thereof would be returned to complainant after he, the respondent, had recovered for himself the money stated to have been advanced by him for the benefit of and in the name of complainant, where the truth and fact is that respondent did not take up said mortgage debt from Adelia Miller or her successor in interest and from the American Bank & Trust Company in complainant's own name as respondent represented he was doing and had done, but on the contrary the respondent fraudulently and without complainant's knowledge or permission took over the complainant's said property in such a manner as to vest himself with legal title and through such fraud and deceit to divest and cut off any rights whatsoever of complainant in and to said property; and complainant therefore charges that respondent is a trustee ex maleficio with respect to the property above described and taken by him, and that said transactions by respondent whereby he acquired title are fraudulent and should be set aside and held for naught, and that respondent as a matter of equity

and good conscience should be required to account as trustee aforesaid for his acts and doings in respect to said property and his custody and management thereof."

■ If, as these averments show, the defendant Powell, without complainant's request, volunteered and advanced money to discharge the obligations of the complainant, and led the complainant to believe and act on such belief, that respondent was acting for him, and in his interest to save complainant's property, and instead he was seeking to acquire the title of the property for himself, he was guilty of such fraud as will justify a court of equity in charging him as trustee ex maleficio, and require him to account to the complainant.

While the relation existing between the complainant and defendant may not be one of those technical relations from which trust and confidence are presumed by law to arise, the averments of the bill show such as a matter of fact.

■ And the principle that the law presumes the exercise of undue influence in transactions inter vivos, when confidential relations exist between the parties, and puts upon the donee or beneficiary, when shown to be the dominant party in the relation, the burden of repelling the presumption by competent and satisfactory evidence, is applicable to such relation existing in fact. Nelson v. Brown, 164 Ala. 397, 408, 409, 51 So. 360, 137 Am.St.Rep. 61; Cannon v. Gilmer, 135 Ala. 302, 33 So. 659; 2 Pom.Eq.Jur. § 963.

The bill in this aspect is not without equity. Edmondson et al. v. Jones, 204 Ala. 133, 85 So. 799; Gewin et al. v. Shields, 167 Ala. 593, 52 So. 887; Snellings et al. v. Builders' Supply Co., 228 Ala. 47, 152 So. 459.

■ This is so notwithstanding the time for redemption from the mortgage foreclosure of the Miller mortgage may have elapsed at the time complainant made the tender. Complainant had the right to negotiate and make treaty for the redemption or recovery of his property, and if respondent's voluntary intervention gave him a feeling of security and lulled him into inactivity, the law and equity will not permit the respondent to profit by such double dealing. Moreover, the mortgage to the bank had not been foreclosed, and complainant still had the right of redemption. The law is settled that a mere

volunteer, who without any duty, moral or otherwise, pays the debt of another, can not establish an equity in the property relieved by such payment. 25 R.C.L. 1324, § 11.

The bill, as originally filed, and as amended, is not subject to any of the specific grounds stated in the demurrer.

We deem it unnecessary to treat the bill in its other aspect. It does not aver that said deeds were given to secure an existing debt, a loan or an advance of money.

The foregoing is sufficient to indicate that we are of opinion that the defendant's demurrer was not well taken and the court erred in sustaining it.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.