67 So.2d 841

### JOHNSON v. JOHNSON.

6 Div. 471.

Supreme Court of Alabama.

Oct. 29, 1953.

Davis & Zeanah, Tuscaloosa, for appellant.

Jack H. McGuire and E. M. Ford, Tuscaloosa, for appellee.

SIMPSON, Justice.

Bill in equity by D. M. Johnson against his former wife, Lela Mae Johnson, to establish a resulting trust in real estate and for a sale of the property for division of proceeds. The decree sustained the bill and granted the relief and Mrs. Johnson has appealed.

 The hearing was in open court, the witnesses testifying ore tenus and, although decision of the case has been subject to some difficulty in view of certain features of the evidence, under the rule of presumption in favor of the conclusion below we will affirm. Forest Hill Corp. v. Latter & Blum, 249 Ala. 23, 29 So.2d 298; Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253.

Appellee was seventy-four years of age and appellant was about forty-three years of age when they intermarried in 1947. This was appellant's fourth marriage and after about four years of married life, not altogether harmonious, she obtained an uncontested divorce from appellee. Prior to her marriage she had contracted to purchase under a bond for title certain real property on Twenty-Sixth Avenue in the city of Tuscaloosa for a consideration of $2,250, of which amount she had paid $750; after her marriage to appellee he paid the balance due under the bond for title of $1500, appellant taking title in her own name, the understanding and agreement, however, according to appellee's testimony, being that that property was to be their home and that complainant would have an undivided one-half interest therein; on February 25, 1945, and in pursuance of the same agreement and plan, the foregoing property was traded to one Cleary and wife for property they owned on U. S. Highway No. 11 in Tuscaloosa County, and referred to in the testimony as the George Smothers property, the conveyance by the said Cleary and wife being made jointly to Mr. and Mrs. Johnson;

thereafter the parties to this cause sold the last-mentioned property for a consideration of $4,100 and used a part of the purchase price, to wit, $1,750, in the purchase of the property in suit, executing a purchase money note and mortgage in the amount of, to wit, $1,000 for the balance The note and mortgage were signed by both parties. The title to the last described property, however, was taken in the name of Mrs. Johnson alone, but Mr. Johnson testified that according to the previous arrangements between them the title should have been in their joint names, as had been the title to the previously acquired piece of property, and he thought such was the case until some eight or ten months after the transaction was closed; and that when he mentioned to his wife the fact that the title was in her alone, she said she was under the impression it was in their joint names and if he would keep up the payments on the mortgage she would have the deed changed to that effect.

The decree of the trial court appears to have established a resulting trust on two alternative theories: (1) because of an understanding and arrangement between the parties that the title would be taken in Mrs. Johnson and later a conveyance to a one-half interest would be made to Mr. Johnson, or (2) on the theory that one-half of the net purchase money from the Smothers property which went into the purchase of the suit property belonged to Mr. Johnson and the deed should have been so drawn as to make the parties joint owners, but that to the contrary and without knowledge on the part of Mr. Johnson the deed was taken in his wife's name alone. The first alternative is without legal effect to authorize equity to establish a resulting trust, but the second is sustainable.

■ A resulting trust arises by implication of law from the acts and conduct of the parties and cannot grow out of any contract between them. Butts v. Cooper, 152 Ala. 375(5), 44 So. 616; Upchurch v. Goodroe, 242 Ala. 395, 6 So.2d 869; Talley v. Talley, 248 Ala. 84, 26 So.2d 586.

But the fact of an understanding or agreement in no sense would detract from the establishment of a resulting trust other-wise valid and may be important as throwing light on the intention of the parties or in showing the ownership of the money and how it was invested. 65 C.J. 370, 371, § 143.

■ This last stated principle impresses us as pertinent to the conclusion below that a trust resulted in favor of appellee to an undivided one-half interest in the property. While the agreement which the trial court found to exist with respect to appellee having an undivided one-half interest in the property could not be enforceable by way of a trust, the fact of such a plan or arrangement tended to explain the action and conduct of the parties when the suit property was acquired through the previous sale of their joint property and was to some extent corroborative of the appellee's claim.

■ It is true, as argued for appellant, that no presumption of a trust arises when a conveyance is to the wife with purchase by the husband, the presumption being that the purchase was in the nature of a gift or advancement to his wife, the duty devolving upon him to support and maintain her. Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843.

■ But that presumption is not one of law but of fact and is subject to be overcome by proof of the real intent of the parties as reflected in the conditions and circumstances attending the transaction. Swendick v. Swendick, 221 Ala. 337, 128 So. 593.

One circumstance which no doubt weighed heavily with the trial court in making up a decision in the case was that the testimony of appellee, Mr. Johnson, with respect to the transaction and his ignorance of the fact that the title was not taken in their joint names until some months after the closing of the transaction, stood uncontradicted by the appellant. She did not testify or deny the truthfulness of that status. No countervailing testimony having been offered on her part, it was open to the trial court to accept the version of the transaction as testified to by Mr. Johnson to the result as decreed below.

■ It is argued for the appellant that there was no satisfactory proof as to the quantum of interest appellee was to have

in the property, thereby leaving an important feature of the evidence to conjecture. But a satisfactory answer to this argument is that the Smothers property, which the parties sold to purchase the suit property, was in their joint names, thereby evidencing prima facie that each owned an undivided one-half interest in it and if the proceeds of that property went into the purchase of the suit property under the circumstances as found by the trial court in the second alternative, the presumption would be, absent of any countervailing evidence, that the latter property was also to be owned in the same proportion. This conclusion is deducible from the recognized principle that when a deed conveys land to husband and wife jointly without expressing their respective interests, the law raises the presumption, without proof to the contrary, that they each own a moiety—an equal undivided interest therein. Payton v. Madison, 251 Ala. 353(4), 37 So.2d 588.

■ On a studious consideration of the whole evidence in the light of the favorable presumption attending the ruling below, we conclude to affirm the decree.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, and CLAYTON, JJ., concur.