80 So.2d 267

**George Lee THOMPSON, Jr., et al.**

**v.**

**Virginia T. HANNA.**

**6 Div. 597.**

Supreme Court of Alabama.

May 12, 1955.

Mayfield & Harris, Tuscaloosa, for appellants.

C. M. Holder, Fayette, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Fayette County Circuit Court, in Equity, overruling demurrers to a bill filed in that court.

G. Lee Thompson, Sr., departed this life in Fayette County, Alabama, on or about September 3, 1951, leaving surviving as his only heirs at law his seven adult children. Olive Edna Thompson, the wife of G. Lee Thompson, Sr., died prior to September 3, 1951.

On September 22, 1945, G. Lee Thompson and wife, Olive Edna Thompson, executed a deed purporting to convey to G. Lee Thompson, Jr., a certain described 80 acres of land, located in Fayette County, Alabama.

At the time G. Lee Thompson, Sr., died, he owned, in addition to the said 80 acres, 240 acres of land also located in Fayette County, Alabama.

Virginia T. Hanna, a daughter of G. Lee Thompson, Sr., filed a bill of complaint in the Circuit Court of Fayette County, Alabama, in Equity, against George Lee Thompson, Jr., Amos C. Thompson, Lula T. Yawn, John Ed Thompson, Thomas J. Thompson, and Charles S. Thompson. The bill of complaint alleges that the complainant and each of the respondents are children of G. Lee Thompson, Sr., and are the

468

sole lineal descendants and heirs at law of said decedent, who died intestate.

The bill of complaint seeks to set aside the .deed from- G. Lee Thompson, Sr., to G. Lee Thompson, Jr., and to sell said 80 acres of land, together with the 240 acres of land, for a division of the proceeds among the seven children of G. Lee Thompson, Sr., deceased

■ G. Lee Thompson, Jr., and Charles S. Thompson filed separate demurrers to the bill of complaint. The demurrer of Charles S. Thompson was amended. The demurrer of each respondent was "directed to the bill of complaint and to each aspect thereof separately and severally," and in each assigned several grounds. Under the repeated rulings of this court, the demurrers are addressed to the bill as a whole in each instance. Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507; Oden v. King, 216 Ala, 504, 113 So. 609, 54 A.L.R. 1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Badham v. Johnston, 239 Ala. 48, 50, 193 So. 420; Hall v. Hall, 241 Ala. 397, 406, 2 So.2d 908; Barnes v. Powell, 241 Ala. 409, 410, 3 So.2d 80; Dean v. Lusk, 241 Ala. 519, 525, 3 So.2d 310; First Nat. Bank of Birmingham v. Bonner, 243 Ala. 597, 599, 11 So.2d 348; Baker v. Farish, 244 Ala. 178, 179, 180, 12 So.2d 547; Wells v. Wells, 249 Ala. 649, 651, 32 So.2d 697.

Appellants' entire argument questions only that aspect of the bill of complaint which seeks to set aside the deed from G. Lee Thompson, Sr., to George Lee Thompson, Jr. No mention whatever is made to that aspect of the bill which seeks to sell the described 240 acres of land and that 80 acres conveyed to George Lee Thompson, Jr.

■ We are clear to the conclusion that that aspect of the bill seeking a sale of the 240 acres of land for division of the proceeds among the children of G. Lee Thompson, Sr., deceased, is not subject to any of the grounds of demurrer argued by the appellants. Indeed, no argument whatever is submitted as to that aspect of the case.

As we have said, the demurrers of appellants are addressed to the bill as a whole, and as one aspect of the bill of complaint is not subject to the demurrers; not even argued in that respect, the demurrers of appellants were overruled without error.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.