BRADLEY, Judge.
This appeal results from a suit brought in the Circuit Court of Montgomery County by appellant, the State of Alabama, on behalf of the Alabama Commissioner of Revenue. The purpose of the suit was to compel delivery to the State of certain unclaimed funds held by appellee, the City of Montgomery, pursuant to the Uniform Disposition of Unclaimed Property Act.
The trial court, after a hearing ore terms and the receipt of briefs on the matter from the opposing parties, held that appellant’s claim to the funds was barred by the statute of limitations.
The sole issue on appeal is whether or not • the statute of limitations operates as a bar to any or all the funds in question.
*74 This case arose from the following facts. In 1971 the City of Montgomery requested that its paying agent, Hanover Trust Company of New York, turn over certain funds which Hanover held on old City bond issues. The City received this money in January of 1973 and thereafter filed a report concerning these funds with the Alabama Department of Revenue.
The report provided by the City of Montgomery showed that the money received from Hanover Trust Company was “unclaimed.” The Uniform Disposition of Unclaimed Property Act requires that property which is unclaimed for seven years be presumed abandoned and turned over to the Department of Revenue by the holder of the property.[1] Pursuant,to this Act, the Commissioner of Revenue sought to have the City of Montgomery deliver the money in question to the Department of Revenue. The City failed to deliver the funds to the Commissioner and suit was brought to obtain them by the State of Alabama.
The funds involved in the present case were the result of principal from City bond issues as well as interest on coupons detached from those bonds. Originally the amount of unclaimed property was $33,-134.72. However, only $7,959.79 is at issue on this appeal. This money was contained in five separate bank accounts. These five accounts are set out in the following chart:
1.
2.
3.
4.
5.
Total
account number
P-5056
P-4668
P-4447
P-4848
Capitol Heights
type of bonds
serial and term
term and coupon
term
term
improvement
amount
$1,230.00
$2,050.00[2]
$ 125.00[3]
$ 325.00
$4,229.79
$7,959.79
date of bond’s maturity
1 Jan. 1966
1 May 1965
1 Apr. 1967
1 Dec. 1965
v
The dispute with regard to the money in the aforementioned accounts may be summarized in the following manner. A provision in the Uniform Disposition of Unclaimed Property Act provides that periods of limitations shall not bar the applicability of the Act.[4] However, the Unclaimed Property Act applies only to claims on which the relevant statute of limitations has not run prior to the effective date of the Act. Boswell v. South Central Bell Telephone Co., 293 Ala. 189, 301 So.2d 65 (1974). The effective date of the Act was April 27, 1971.
Appellant urges that the bonds and coupons on which the bank accounts are based *75 are under seal (or should be treated as such) and a ten year statute of limitations, beginning from date of maturity, should be applied to actions to obtain the funds from these instruments.
Since appellant’s suit arises under the Unclaimed Property Act, it would be necessary for the bonds and the coupons therefrom to have matured ten years prior to the effective date of the Act in order to be barred by the statute of limitations. This would mean that any claim arising after April 27, 1961 could be based on the Unclaimed Property Act. In the instant case, appellant contends that none of the bonds matured until after April 27, 1961 and thus the funds derived from them were abandoned property and rightfully belonged to the State.
On the other hand, appellee asserts that different statutes of limitation apply to the bonds and their respective coupons. Appel-lee agrees with appellant that the relevant statute of limitations for bonds is ten years. However, appellee argues that a six year period for limitation of actions is applicable with regard to the coupons. Such limitation period would bar any suit under the Unclaimed Property Act which was brought to recover money on bond coupons unless such suit was initiated after April 27, 1965.
The trial court accepted appellee’s contentions and held that appellant was barred by the statute of limitations from bringing its suit under the Unclaimed Property Act.
In the absence of specific statutes relating to actions on bonds, such actions are governed by the statute applicable to other sealed instruments and specialties. 53 C.J.S. Limitations of Actions § 55. See City of Kenosha v. Lamson, 76 U.S. 477 (9 Wall.), 19 L.Ed. 725. Where bonds represent the general fund indebtedness of a municipal corporation the applicable statute of limitations begins to run at the maturity of the obligation. Irvine v. Bossen, 25 Cal.2d 652, 155 P.2d 9; Littlefield v. Shreveport, 148 La. 693, 87 So. 714.
Moreover, the overwhelming weight of authority recognizes that interest coupons annexed to the bonds under seal are considered specialties within the statute of limitations governing bonds, even after the coupons have been detached from the bonds. City of Kenosha v. Lamson, supra; Town of Koshkonong v. Burton, 104 U.S. 668, 26 L.Ed. 886; Panama City v. Free, Fla., 52 So.2d 133. The rationale of this view is based on the fact that coupons, representing interest to become due on the bonds, are thus a part of the bonds. The statute of limitations for bonds begins to run against each coupon from the date it matures or is payable. Town of Koshkonong v. Burton, supra; Amy v. City of Dubuque, 98 U.S. 470, 25 L.Ed. 228.
In Alabama actions founded upon sealed instruments must be commenced within ten years. Title 7, Section 20, Code of Alabama 1940 (Recomp.1958). The relevant statute of limitations in the instant case was ten years. The State’s claims to abandoned funds arising from either bonds or coupons (attached or unattached) which matured after April 27, 1961 would not be precluded by the statute of limitations. Therefore the application of the ten year statute of limitations must be viewed in the context of each account upon which this appeal is based to ascertain the validity of the trial court’s ruling.
The first account, P-5056, contained the sum of $1,230.00. This account held some serial bonds and some term bonds. Inadequate records prevented the City’s comptroller from determining from which of these type bonds the funds resulted. Nor could she determine if the money arose from interest or principal. The latest possible maturity date on these bonds was January 1, 1966. However, the comptroller testified that the bonds or coupons therefrom could have matured on any date between January 1945 and January 1966. The City’s attorney further explained to the trial court that serial bonds often mature before their given date and that many of the bonds in P-5056 were serial bonds.
On the basis of this testimony and bank records which indicated that the account *76 had held a constant balance of $1,230.00 since 1963, the court concluded that the statute of limitations barred the appellant from its claim to this sum.
Since the findings and conclusions of the trial court are presumed correct unless plainly in error, it cannot be said that the court erred with regard to account P-5056. Indeed, its finding that the $1,230.00 resulted from instruments maturing prior to April 27, 1961 is entitled to a favorable presumption in view of the testimony and bank records presented at trial. Nor did appellant offer proof at trial which would refute such a finding.
The second account, P-4668, involved the sum of $2,050.00. This account held two $1,000 bonds with the last coupon on each still attached. Both the bonds and their coupons were outstanding. At trial, the city comptroller testified on both direct and cross-examination that the $2,050.00 in this account resulted from the two outstanding bonds and the interest on the coupons from these bonds. However, on re-direct she testified that the entire amount found in P-4668 was derived from coupons maturing prior to 1961. The State of Alabama offered no evidence to contradict the comptroller’s testimony with regard to this account.
Based on the testimony given by the city comptroller on re-direct, the trial court found that the State’s claim to the money contained in P-4668 was barred by the statute of limitations. This finding was not in error.
It is an established principle that on appeal this court does not weigh the evidence to determine if it reasonably satisfies the issue in question. Gunnels v. Jimmerson, Ala., 331 So.2d 247. Instead, this court will indulge in all favorable presumptions to sustain the trial court’s conclusion unless that conclusion is plainly erroneous or manifestly unjust. Gunnels v. Jimmerson, supra. In view of this principle and the testimony which was given at trial, it cannot be said that the trial court erred with regard to account P-4668.
The third account is P-4447. The funds in this account amounted to $125.00. The latest possible maturity dates on the bonds in this account were from April 1, 1964 to April 1, 1967. In 1974 the City actually paid $7,000 to redeem coupons on those bonds which matured in 1967. The city comptroller stated that she had no records which would indicate whether the $125.00 remaining in this third account was attributable to bonds or coupons. Nor was there any testimony at trial as to when the $125.00 became a part of P-4447. On the basis of this testimony the trial court held that the funds in P-4447 belonged to the City.
This holding was in error. The City of Montgomery pleaded the affirmative defense of the statute of limitations, thus it was the City’s burden to prove that the $125.00 in P-4447 was derived from instruments maturing prior to April 27, 1961. The City, however, produced no evidence in support of its defense. In fact, the city comptroller stated that she could determine neither the source nor the date of the fund’s existence. There Was no other evidence that a claim to the $125.00 under the Unclaimed Property Act was barred by the applicable period for limitations of actions. Thus, the trial court’s determination that the State’s claim to this money was barred by the statute of limitations was plainly in error. The State of Alabama is entitled to the entire $125.00 contained in P-4447.
The trial court also erred in its disposition of the funds in the fourth account. This account, P-4848, contained $325.00. The bond on which this fund was based matured on December 1, 1965. Bank statements from 1963 to the date of trial demonstrated a continuing balance of $325.00 in P-4848. No bank statements prior to 1963 were found. This evidence was all that was presented with respect to this account. Nevertheless, the trial court found that this $325.00 belonged to the City of Montgomery.
Although the findings of the trial court are presumed correct, this presumption fails where there is no evidence presented at trial which would support the trial court’s *77 conclusions. As with the third account, the City failed to offer evidence in support of its affirmative defense of the statute of limitations. Since there was no evidence that P-4848 contained $325.00 prior to April 27,1961, the trial court was plainly in error in holding that this sum belonged to the City of Montgomery. The $325.00' contained in P-4848 properly belonged to the State of Alabama.
The fifth and last account is the Capitol Heights account. It contained $4,229.72 resulting from bonds dated May 1, 1925, May 1, 1926, and November 1, 1926. Although no maturity date was stated, the city comptroller testified that these bonds were improvement bonds which matured ten years after their issuance. Furthermore, a bond could not be outstanding for a period in excess of thirty years. Section 2269, Code of Alabama 1923. Thus, the very latest maturity date on these bonds would be 1956. Consequently, the State’s claim to the funds in the Capitol Heights account was barred by the statute of limitations. The trial court correctly held that the entire $4,229.72 belonged to the City of Montgom- ■ ery.
The trial court properly concluded that the money found in accounts P-5056, P-4668 and the Capitol Heights account belonged to the City of Montgomery. The City is entitled to this money in the sum of $7,509.72.[5]
However, the trial court erred with respect to the funds contained in accounts P-4447 and P — 4848. The State’s claim with respect to these accounts was not barred by the statute of limitations. The State of Alabama is entitled to receive the sum of $450.00 from the City of Montgomery under the Unclaimed Property Act.
That part of the trial court’s decree which awarded the money in the Capitol Heights account and the accounts numbered P-5056 and P-4668 to the City of Montgomery is affirmed, and that part of the decree which awarded the money in accounts numbered P-4447 and P-4848 to the City of Montgomery is reversed. The cause is remanded to the trial court for a decree to be entered awarding the money in accounts numbered P-4447 and P-4848 to the State of Alabama, Department of Revenue.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P. J., and HOLMES, J., concur.

. Originally the amount in dispute on this account was $12,225.00. However, the comptroller for the City of Montgomery testified that her bond directory indicated that $10,175.00 of this money was interest due prior to 1947 thus leaving only $2,050.00 still in dispute.

. Although the State originally sought the entire $15,125.00 listed in this account, subsequent City records demonstrated that $15,000 was claimed in 1974. Only $125.00 of this account remains in dispute.

.Title 47, Section 329, Code of Alabama 1940 (Recomp.1958) (Supp.1973) provides:
“The expiration of any period of time specified by statute or court order, during which an action or proceeding may be commenced or enforced to obtain payment of a claim for money or recovery of property, shall not prevent the money or property from being presumed abandoned property, nor affect any duty to file a report required by this chapter or to pay or deliver abandoned property to the commissioner of revenue.”

. Appellant also asserts that the statute of limitations upon a suit to establish a resulting trust does not begin to run so long as there is a recognition of the trust by the trustee. Thus, appellant contends that by recognizing the rights of the persons whose property it holds the City has prevented the relevant statute of limitations from beginning to run.
The doctrine upon which appellant attempts to rely has been applied in cases of purchase money resulting trusts. See Henslee v. Merritt, 263 Ala. 266, 82 So.2d 212 (1955); Sykes v. Sykes, 262 Ala. 277, 78 So.2d 273 (1954). It is not applicable here. The relevant statute of limitations in the instant case was ten years from the date of the bond’s (or coupon’s) maturity.