PHILIP GARBUTT, as Administrator of the Estate of MARION FISHER, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent. METROPOLITAN LIFE INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v. SAMUEL R. FISHER, as Administrator C. T. A. of RAYMOND E. FISHER, Deceased, Third-Party Defendant-Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — Taylor, P. J., McCurn, Kimball and Piper, JJ. [See 277 App. Div. 1158.]

ANGELO A. RIZZO et al., Appellants, v. LANDMARK REALTY CORPORATION, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Vaughan, Kimball and Piper, JJ. [See 277 App. Div. 1094.]

MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v. MARGARET R. WILSON, Appellant, and FRANK C. WILSON et al., Respondents.— Motion for reargument granted solely on the question of whether the defendant-appellant Margaret Ruth Wilson, is entitled to interest on the trust fund from February 1, 1935, to December 7, 1935. Present — Taylor, P. J., Vaughan, Kimball and Piper, JJ. [See 277 App. Div. 1094.]

In the Matter of ARTHUR B. O'GRADY, an Attorney.— Report of Official Referee confirmed and order entered suspending respondent from practice for a period of two years and thereafter until the further order of this court. All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

(January 24, 1951.)

HENRY GOKEY, Respondent, v. CHESTER A. MASSEY, Appellant.— Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs. Memorandum: While an action to impress an equitable lien upon real property comes within the provisions of section 120 of the Civil Practice Act, the question here is whether the allegations of the complaint are sufficient to sustain such an action. We think they are not. The complaint fails to state that the moneys expended went to the repair or improvement of the real estate. It is merely alleged that the plaintiff expended moneys in " fitting ", " equipping " and " operating " said premises. Whether the fittings and equipment were personal property is not alleged, nor is it alleged that they became a part of the real property. In fact, nowhere in the complaint is it stated that the plaintiff, by reason of the facts alleged, is entitled to an equitable lien. The only reference to that is the alternative demand in the prayer for relief. Furthermore, it is not stated that the moneys claimed by the plaintiff were, by the contract alleged, to be paid from the proceeds of the sale. Except by inference, there is no allegation that the defendant is the owner of the real property. It is our opinion that the complaint simply states a cause of action for breach of contract. All concur, except McCurn, J., who dissents and votes for affirmance. (Appeal from an order denying defendant's motion to cancel lis pendens.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.