Jacob J. Schwartzwald, J.
Defendant wife moves to cancel a lis pendens filed by the plaintiff husband in conjunction with his action to impress an equitable lien on certain real property belonging to her.
The verified complaint states that the parties herein had agreed that plaintiff was to have an equitable lien for moneys he was required to expend in excess of the rental receipts for the use, occupation and maintenance of the property in question; that the plaintiff was required to expend the sum of $9,185 of his own funds in payment for repairs, improvements and other expenses incidental to the maintenance of the premises.
The defendant maintains that plaintiff’s action at best is one for an accounting and does not in any way affect the title to or the possession, use or enjoyment of real property so as to meet the requirements for the filing of a lien, pursuant to section 120 of the Civil Practice Act.
The alleged express agreement between the parties which relates to specific real property owned by the defendant indicates an intention that such property is to be held as security for the obligation arising out of the plaintiff’s expenditures of moneys in excess of rental income. The complaint, therefore, states a cause of action for an equitable lien. (See James v. Alderton Dock Yards, 256 N. Y. 298, 303; Pennsylvania Oil Prods. Refining Co. v. Willrock Producing Co., 267 N. Y. 427, 434.) Moreover, an action to impress an equitable lien upon realty comes within the provisions of section 120 of the Civil Practice Act, provided that the complaint alleges facts that are required to entitle plaintiff to such a lien. (Gokey v. Massey, 278 App. Div. 630.) In Gokey v. Massey the court held that the complaint failed to allege the required facts. However, in the *339 case at bar, the allegations of the complaint are adequately set forth. In addition, the complaint herein states a cause of action affecting the possession, use and enjoyment of real property within the meaning of the afore-mentioned section of the law. Motion denied.