OPINION OF THE COURT
Edward F. McLaughlin, J.
This is a motion by purchasers at a foreclosure sale for an abatement of the purchase price from $60,000 to $53,007.60 on *110 the ground that the property was partially destroyed subsequent to the date of purchase, June 29, 1979, and prior to the date of closing.
Plaintiff, the mortgagee of the property, cross-moves for a resale of the premises, a hearing to determine actual damages, or abatement of the purchase price to no less than $54,845, the amount of plaintiff’s interest in the outstanding mortgage debt.
It is undisputed that at the time of the vandalism of various fixtures, cabinets, and appliances, the purchasers had neither legal title to nor possession of the premises.
Plaintiff contends that it bid the sum of $54,845 at the foreclosure sale solely to insure the satisfaction of the amount due to it under the mortgage, and that the purchase price of $60,000 bid by the purchasers was far below the fair market value of the property. Plaintiff claims that even considering the damage, the value of the premises far exceeds $53,007.60, and plaintiff would bid $54,845 at any subsequent foreclosure sale regardless of the damages discovered by the purchasers. In sum, plaintiff contends that as a secured creditor acting in compliance with law it will be severely prejudiced by any abatement of the agreed purchase price.
The rights and remedies of a buyer and seller of real property with regard to risk of loss between the time of contract and conveyance are governed by the Uniform Vendor and Purchaser Risk Act (General Obligations Law, § 5-1311). The statute has been interpreted to allow a purchaser faced with material damage an election between rescission of the contract or an abatement of the purchase price where the purchaser still desires to enforce the contract of sale. (Rizzo v Landmark Realty Corp., 277 App Div 1094, mot for lv to app den 278 App Div 630; Lucenti v Cayuga Apts., 59 AD2d 438.) Moreover, the statute has been held applicable to judicial sales of property. (New York Med. Coll. v 15-21 East 11th St. Corp., 90 NYS2d 591, Geist v State of New York, 3 Misc 2d 714; Sysol Constr. Co. v State of New York, 92 Misc 2d 238.)
The court, being guided by principles of fairness and equity in judicial sales (see Lane v Chantilly Corp., 251 NY 435), fails to find prejudice to the plaintiff of such significance as to overcome the purchasers’ recognized right to elect their remedy in this case. The intent and purpose of the statute would not be furthered by affording the plaintiff mortgagee greater protection against risk of loss than that afforded to the pur *111 chaser. The seller in a nonjudicial sale of real property could not defeat a purchaser’s right to election, and the same principle underlying that accepted rule is applicable here.
A mere unsworn estimate of the cost of repairs that has been submitted by the purchasers is insufficient, however, to reduce the purchase price by the amounts requested therein. Therefore, the matter is referred to Trial Term to determine the nature and extent of the damage and the reasonable value of repairs required to restore the premises to the condition existing at the time of the foreclosure sale.