■ PETER H. GUNTHER, Individually and as Executor of GRETCHEN M. GUNTHER, Deceased, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, which, after a hearing, found petitioner guilty of selling or giving away beer to a minor and suspended his liquor license for a period of 20 days. Determination confirmed and proceeding dismissed, on the merits, with costs. The determination is supported by substantial evidence. Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.

■ LONG ISLAND CITY SAVINGS AND LOAN ASSOCIATION, Respondent, v JUDITH GOTTLIEB et al., Appellants. — In an action, *inter alia,* to set aside certain conveyances of real property and to recover compensatory and punitive damages caused by the subject conveyances, defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 20, 1981, which denied their motion to dismiss the complaint and to cancel a notice of pendency. Order reversed, on the law, with $50 costs and disbursements, motion granted, complaint dismissed and the notice of pendency is directed to be canceled. In the instant case, the notice of pendency was filed on February 9, 1981, some eight months after the mortgage became due. As per the allegations of the corporate defendants, they were prepared to pay the interest and principal as set forth in the mortgage foreclosure action. They claimed, however, to be unable to satisfy the mortgage through a refinancing because of the notice of pendency filed herein. Defendant Vanderbilt Associates ultimately satisfied the mortgage indebtedness some two years after it had matured. The complaint no longer states a viable cause of action in view of the fact that the mortgage indebtedness has been satisfied. Accordingly, the motion to dismiss the complaint should be granted. Even were we not inclined to dismiss the complaint, we would direct cancellation of the notice of pendency pursuant to CPLR 6514 (subd [b]), which empowers a court, upon motion of any person aggrieved, to direct any county clerk to cancel a notice of pendency if the plaintiff has not commenced or prosecuted the action in good faith. Despite the seemingly broad language of CPLR 6501 and 6511, the notice of pendency is not available where plaintiff claims no right, title or interest in the property itself. If a complaint asserts in essence only a money claim, the plaintiff forfeits his right to use the notice of pendency (*Gokey v Massey,* 278 App Div 630; Siegel, New York Practice, § 334, p 408). In the instant situation, the action is essentially one for damages. Plaintiff seeks to have the corporate defendants declared the owners of the subject property in order to best protect its interests as mortgagee. This is not an appropriate action for the filing of a notice of pendency. Accordingly, the complaint is dismissed and the notice of pendency canceled. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.