OPINION OF THE COURT
. Gerard E. Delaney, J.
Is a lis pendens properly filed against real property in a Surrogate’s Court proceeding under EPTL 5-1.1 (wherein a “disinherited wife” seeks a right to election against her deceased husband’s estate) where such real property will pass not by specific devise but in the residuary estate? Such question, by necessity, involves a determination under CPLR 6501 as to whether or not the judgment to be rendered in the Surrogate’s Court proceeding “would affect the title to, or the possession, use or enjoyment of, real property.”
James Cassia died on December 2, 1982, in the City of White Plains, Westchester County, State of New York. He left a last will and testament dated November 4, 1982, wherein he directed that after all debts, funeral expenses, taxes, inheritance taxes and administration expenses he paid from his estate, that thereafter the residue and re- . mainder of his estate, both real and personal, were to be divided between his children equally. He specifically sought to disinherit his wife by reason of paragraph fifth of such will wherein he stated “I have intentionally omitted any bequest to my wife amelie by reason of the fact that she has abandoned my bed and board without just *607 cause” (cf. EPTL 5-1.2, subd [a], par [5]). His daughter, Judy Cassia, was named executrix of the will to serve without bond.
Such will was admitted to probate in the Surrogate’s Court of the County of Westchester on February 3, 1983, and letters testamentary were issued on that date to Judy Cassia as executrix. On or about the 12th day of April, 1983, the defendant filed a petition with the Surrogate’s Court to exercise her right of election under EPTL 5-1.1 and on or about April 19, 1984, defendant filed a lis pendens, citing the Surrogate’s Court proceeding as an underlying action, as against 80 Eton Road, Thornwood, Town of Mount Pleasant, County of Westchester, State of New York, real property owned by deceased. Apparently during the preceding periods, plaintiff executrix had listed such property for sale, which was to take place on June 11, 1984; however, she had received word that the prospective purchaser’s title company had advised her that there had been the lis pendens filed which “affected the title of the property and that the property could not be conveyed free and clear of all liens and encumbrances”. Whether such lis pendens actually did serve as a “lien or encumbrance” against the property is doubtful (see, generally, Schoepp v State of New York, 69 AD2d 917; Simon v Vanderveer, 155 NY 377, 382), however, the sale was canceled and plaintiff executrix claims damages as a result thereof by the alleged wrongful filing of the lis pendens in this action.
It is noticed initially that “lis pendens is a provisional remedy [and] not normally permitted in estate matters” (Matter of Sabatino, 90 Misc 2d 56, 58). The primary purpose of defendant’s petition in Surrogate’s Court is to recover an elective share (EPTL 5-1.1, subd [c], par [1], cl [B]) of “one-third of the net estate [of] the decedent” (emphasis added). (Plaintiff claims no such right exists inasmuch as defendant allegedly abandoned the decedent [cf. EPTL 5-1.2, subd (a), par (5)].) Indeed, when such election is made, the decedent’s will “is valid as to the residue after the share to which the surviving spouse is entitled has been deducted, and the. terms of [the will] remain otherwise effective” (EPTL 5-1.1, subd [d], par [1]; emphasis added).
*608 While it is certainly clear that should defendant-petitioner succeed in her claim to the elective share that she would be entitled to “one-third of the net estate of the decedent”, it is certainly apparent that such would be monetary reimbursement only and not necessarily a devise of a specific portion of the property, real or personal, of the estate. “The widow’s interest cuts across the entire estate, subjecting each testamentary gift pro tanto to her statutory lien [i.e., EPTL 5-1.1 (“Right of election”)] which is to be satisfied from the subject matter of the several gifts or by exoneration of [the] respective donees” (Matter of Taliento, 9 Misc 2d 167,168). “Where the will does not indicate that any preference of one legacy over another was intended, all the legacies must contribute ratably to the widow’s share by virtue of [the] election, whether the legacy be general, specific, or residuary”. (Matter of Nicholson, 49 Misc 2d 421) 426-427; emphasis added.)
“If a complaint asserts in essence only a money claim, the plaintiff forfeits his right to use the notice of pendency”. (Long Is. City Sav. & Loan Assn. v Gottlieb, 90 AD2d 766; accord Gokey v Massey, 278 App Div 630.) This is so because the purpose of the lis pendens “is to put all potential buyers on notice that the ownership of the [real] property is the subject of a pending law suit”. (Cf. Hercules Chem. Co. v VCI, Inc., 118 Misc 2d 814, 817.) Land is unique while money is not. While defendant may certainly have a claim as to a portion of the assets to be derived from any sale of real property, she does not have, in the opinion of this court, any claim as would “affect the title to, or the possession, use or enjoyment of [such] real property” sought to be conveyed. (CPLR 6501.) It is implicit under EPTL 5-1.1 (subd [d], par [1]) that any distribution of proceeds derived from the estate property is stayed pending the determination of the petition by the wife for her elective share.
Accordingly, the motion of the plaintiff executrix to cancel the lis pendens in the instant matter is granted, and it is ordered that the county clerk of the County of Westchester cancel and discharge of record a certain notice of pendency of action heretofore filed in the above-entitled, action on the 19th day of April, 1984, and entered at liber *609 438, page 714, recorded by said clerk in a book kept for that purpose, and the said clerk is hereby directed to enter on the margin of the record of the same a note of cancellation referring to this order.
Cross motion to transfer proceedings to Surrogate’s Court denied.