■ GEORGE BROWN, Appellant, v LOUISE BROWN et al., Respondents. [597 NYS2d 132] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Facelle, J.), entered May 7, 1990, which denied his motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements, and, upon searching the record, summary judgment is awarded to the defendants dismissing the complaint.

The plaintiff commenced this action to foreclose a mortgage which he alleges was assigned to him by a prior mortgagee. However, the record makes clear, and the plaintiff does not dispute that the original mortgage debt was satisfied six months before the purported assignment to him. Thus, there was no mortgage to assign to the plaintiff. Therefore, while the plaintiff may have a cause of action against the defendant

Louise Brown to recover moneys he loaned to her, he does not have a viable foreclosure action *(see, Long Is. City Sav. & Loan Assn. v Gottlieb,* 90 AD2d 766).

Furthermore, we find no support in the record for the plaintiff's contention that litigation of the issue of the validity of the mortgage is barred by the doctrine of collateral estoppel. The mortgage was mentioned in the defendant Louise Brown's divorce proceedings but its validity was not actually litigated or necessarily decided in that action which, we note, abated upon the husband's death *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Gilberg v Barbieri,* 53 NY2d 285). Accordingly, we search the record, grant summary judgment to the defendants, and dismiss the complaint. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.