■ REGIONS BANK, Appellant, v DAVID W. CAMPBELL et al., Defendants, and JAMES STUTZMAN et al., Respondents. [737 NYS2d 636] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Kitson, J.), entered

October 25, 2000, which, inter alia, granted those branches of the motion of James Stutzman and Countrywide Home Loans, Inc., which were to cancel the notice of pendency regarding the subject property and to vacate the judgment of foreclosure and sale entered May 10, 2000, and denied that branch of its cross motion which was for leave to amend the notice of pendency and the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 7, 1999, while the subject property was owned by the defendant David W. Campbell, the plaintiff commenced this action to foreclose the mortgage it held on the property and filed a notice of pendency. On May 18, 1999, the plaintiff's agent mistakenly issued a satisfaction of mortgage (hereinafter the satisfaction), which was recorded on June 7, 1999. In December 1999 Campbell contracted to sell the property to the respondent James Stutzman. In February 2000, relying on a title report disclosing both the notice of pendency and subsequently-recorded satisfaction, Stutzman closed on the property. Relying on the same title report, the respondent Countrywide Home Loans, Inc., took a mortgage on the property from Stutzman. The title insurance policy issued in connection with the closing omitted the foreclosure action and notice of pendency from its coverage exceptions. On May 10, 2000, a judgment of foreclosure and sale in this action was entered. However, on or about that date, the plaintiff learned of the satisfaction. The plaintiff now asserts that the satisfaction was issued and recorded in error since the debt remained unpaid.

Even though the satisfaction was mistakenly recorded by the plaintiff's agent after the filing of the notice of pendency and before the closing, the respondents were entitled to rely on the satisfaction (*cf., Goldstein v Gold,* 106 AD2d 100, *affd* 66 NY2d 624). Contrary to the plaintiff's contention, the respondents had no duty to conduct any further inquiry into the status of the foreclosure action.

Under the peculiar circumstances of this case, equity precludes the plaintiff from canceling the satisfaction, since the respondents properly relied on it to their detriment (*see, Goldstein v Gold, supra*). Accordingly, the Supreme Court properly granted those branches of the motion which were to cancel the notice of pendency and to vacate the judgment of foreclosure and sale (*see,* CPLR 6514 [a]; *Brown v Brown,* 192 AD2d 689).

In light of our determination, we need not address the plaintiff's remaining contentions. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.