MOORE, Judge.
 

 Hope Annette Stephens and Jason Dean Kitchens, as co-personal representatives of the estates of Ronald Kitchens and Charmaine A. Kitchens (“the estates”), appeal from a judgment of the Etowah Circuit Court. We reverse.
 

 Facts and Procedural History
 

 On February 11, 2007, Ronald Kitchens and Charmaine A. Kitchens (“the Kitch-enses”) and Thomas Huie and Gail Huie (“the Huies”) were involved in an automobile accident while they were traveling together. At the time of the accident, the automobile was being driven by Ronald and was owned by Charmaine. The Kitch-enses were killed in the accident, and the Huies were injured.
 

 On May 17, 2007, the Huies filed in the Etowah County Probate Court claims against the estates arising out of personal injuries they had sustained as a result of the accident. On June 11, 2007, the Huies filed a notice of lis pendens as to all real property owned by Ronald at the time of his death. On February 5, 2008, the Huies filed a complaint in the Etowah Circuit Court against the estates, seeking damages as a result of the personal injuries
 
 *778
 
 they had sustained in the accident. On March 27, 2008, the Huies also filed a notice of lis pendens as to all real property owned by Charraaine at the time of her death. On April 11, 2008, Hope Annette Stephens and Jason Dean Kitchens, as co-personal representatives of the estates (“the personal representatives”), filed a declaratory-judgment action in the Etowah Circuit Court, requesting that the court enter a judgment declaring that the Huies’ filing the notices of lis pendens (“the notices”) was improper and illegal and that the court enter an order canceling the notices. On April 18, 2008, the Huies answered the personal representatives’ complaint for a declaratory judgment. After a hearing, the trial court entered a judgment on July 2, 2008, denying the relief sought in the personal representatives’ complaint.
 
 [1]
 
 The personal representatives filed their notice of appeal on August 12, 2008.
 

 Discussion
 

 Section 35-4-131(a), Ala.Code 1975, provides:
 

 “When any civil action or proceeding shall be brought in any court
 
 to enforce any lien upon, right to or interest in, or to recover any land, or where an application has been made to the probate judge of any county for an order of condemnation of land, or any interest therein,
 
 the person, corporation or governmental body commencing such action or proceeding or making such application shall file with the judge of probate of each county where the land or any part thereof is situated a notice containing the names of all of the parties to the action or proceeding, or the persons named as those having an interest in the land in the application for an order of condemnation, a description of the real estate and a brief statement of the nature of the lien, writ, application or action sought to be enforced. The judge of probate shall immediately file and record the notice in the lis pendens record and note on it and in the record the hour and date of the filing and the place and date of recording.”
 

 (Emphasis added.)
 

 On appeal, the personal representatives argue that the trial court erred in determining that the Huies properly filed, pursuant to Ala.Code 1975, § 35 — 4—131, the notices as to all real property held by the Kitchenses at the time of their deaths. Specifically, the personal representatives assert that the notices were filed improperly because (1) the Huies’ claims against the estates were based on a lawsuit filed against the estates requesting money damages resulting from personal injuries the Huies had sustained in an automobile accident, not to enforce any right to, or interest in, real property, and (2) no judgment had been entered on the Huies’ claims arising from their personal injuries.
 

 The Huies, on the other hand, argue that their filing of the notices was proper. The Huies point out that, before filing the notices or their lawsuit against the estates, they had filed claims against the estates in the probate court. They also cite Ala. Code 1975, § 43-2-370, which provides that “[a]ll the property of the decedent,
 
 *779
 
 except as otherwise provided, is charged with the payment of his debts, and, if necessary, may be sold for that purpose.” Based on that Code section, the Huies contend that they were entitled to file the notices so that the Kitchenses’ property would be available to satisfy their claims against the estates when those claims are resolved. We disagree.
 

 The doctrine of lis pendens has no application when the action involved seeks the recovery of a money judgment.
 
 McCollum v. Burton,
 
 220 Ala. 629, 127 So. 224 (1930);
 
 see also
 
 51 Am.Jur.2d
 
 Lis Pendens
 
 § 28 (2000) (stating that “where the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is inappropriate”).
 

 In
 
 Cassia v. Cassia,
 
 125 Misc.2d 606, 480 N.Y.S.2d 84 (N.Y.Sup.Ct.1984), the Supreme Court of Westchester County, New York, considered a case analogous to the present case. In
 
 Cassia,
 
 the surviving spouse of a decedent filed a petition requesting an elective share of the decedent’s estate. 125 Misc.2d at 607, 480 N.Y.S.2d at 85. The surviving spouse also filed a notice of lis pendens, based on her petition for an elective share, as to certain real property owned by the estate of the decedent.
 
 Id.
 
 The court noted:
 

 ‘While it is certainly clear that should [the surviving spouse] succeed in her claim to the elective share that she would be entitled to ‘one-third of the net estate of the decedent,’ it is certainly apparent that such would be monetary reimbursement only and not necessarily a devise of a specific portion of the property, real or personal, of the estate ....
 

 “ ‘If a complaint asserts in essence only a money claim, the plaintiff forfeits his right to use the notice of pendency.’
 
 Long Island City Savings & Loan Association v. Gottlieb,
 
 90 App.Div.2d 766, 455 N.Y.S.2d 300 (Second Dept.1982); accord
 
 Gokey v. Massey,
 
 278 App.Div. 630, 102 N.Y.S.2d 581 (Fourth Dept. 1951). This is so because the purpose of the lis pendens ‘is to put all potential buyers on notice that the ownership of the [real] property is the subject of a pending law suit.’ (Cf.
 
 Hercules Chemical v. VCI, Inc.,
 
 118 Misc.2d 814, 817, 462 N.Y.S.2d 129 [(NY.Sup.Ct.1983)]). Land is unique while money is not. While [the surviving spouse] may certainly have a claim as to a portion of the assets to be derived from any sale of real property, she does not have, in the opinion of this Court, any claim as would ‘affect the title to, or the possession, use or enjoyment of [such] real property’ sought to be conveyed. (CPLR § 6501).”
 

 125 Misc.2d at 608, 480 N.Y.S.2d at 85-86.
 

 Similarly, in the present case, should the Huies prevail on their personal-injury claims against the estates, they would be entitled to a monetary payout from the estates, but not necessarily a devise of a specific portion of the real property of the estates. Although the Huies may have “a claim as to a portion of the assets to be derived from any sale of real property,”
 
 Cassia,
 
 125 Misc.2d at 608, 480 N.Y.S.2d at 86, their civil action seeking money damages was not brought “to enforce a lien upon, right to or interest in, or to recover any land,” § 35-4-131(a). Further, the Huies have not applied “for an order of condemnation of land, or any interest therein.” § 35-4-131(a).
 

 The procedure prescribed in § 35-4-131 (a) is “in derogation of the common law. Alabama law has long held that statutes that are in derogation of the common law must be strictly construed.”
 
 Thomp
 
 
 *780
 

 son v. Yuan (In re Yuan),
 
 178 B.R. 273, 274 (Bankr.N.D.Ala.1995). Pursuant to § 35-4-131(a), it is clear that the procedure permitting the filing of a notice of lis pendens is inapplicable to the Huies’ claims. Thus, we conclude that the trial court improperly upheld the notices filed by the Huies.
 

 Conclusion
 

 Based on the foregoing, we reverse the trial court’s judgment and remand this cause for the entry of a judgment in accordance with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Apparently, the parties agreed to submit the declaratory-judgment action regarding the propriety of the notices based on the pleadings, certain agreed-upon facts, and the arguments of counsel at the final hearing in that action. There is no separate document containing “agreed-upon facts” in the record. However, the facts material to the determination of this appeal are undisputed. This court's recitation of the material facts were taken from the complaint and the answer filed in this case.
 

 At the time the July 2, 2008, judgment was entered, the Huies' complaint seeking damages as a result of their personal injuries was still pending in the circuit court.